IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. BURK, JR.<br>c/o Cooper & Elliott, LLC<br>305 West Nationwide Boulevard<br>Columbus, Ohio 43215<br><br>    and<br><br>SUMMER HILFERS<br>c/o Cooper & Elliott, LLC<br>305 West Nationwide Boulevard<br>Columbus, Ohio 43215,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF COLUMBUS<br>120 Marconi Boulevard<br>Columbus, Ohio 43215<br><br>    and<br><br>JOSEPH FIHE<br>Columbus Police Officer, #1875<br>120 Marconi Boulevard<br>Columbus, Ohio 43215<br><br>    and<br><br>KEVIN WINCHELL<br>Columbus Police Officer, #2218<br>120 Marconi Boulevard<br>Columbus, Ohio 43215,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br><br><br><br><br><br>JURY DEMAND<br>ENDORSED HEREON |

## COMPLAINT

1. This action arises out of excessive force used against Plaintiff James A. Burk, Jr. in violation of the United States Constitution. Jim Burk is an esteemed Special Agent with the

1

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As an ATF Special Agent, Agent Burk makes our communities safer by identifying persons federally prohibited from owning firearms, subsequently locating and contacting those individuals, and then facilitating the recovery of the firearms they unlawfully possess. One afternoon in early July 2020, he arrived at a home in Franklin County for what was supposed to be a routine recovery of an illegally owned shotgun. The home's occupant, though, would not open the door and instead called 911. The occupant told the 911 operator Agent Burk's name, that he was with ATF, and that he showed her his badge. The occupant also read the operator Agent Burk's badge number. In the past, when an investigation's subject called the police, if officers did show up to the scene, Agent Burk would meet them. The officers would verify Agent Burk's credentials and receive briefing from Agent Burk as to the nature of the ATF contact. The officers would confirm to the caller that Agent Burk was who he said, then either offer Agent Burk assistance or leave. Agent Burk had no reason to believe his encounter with City of Columbus police officers Joseph Fihe and Kevin Winchell would go any differently. The operator dispatched police officers to the home, notifying the responding officers that Agent Burk had told the home's occupant that he was an ATF agent. Armed with the information from the 911 call, any reasonable officer arriving at the scene would have simply confirmed Agent Burk's credentials, then offered him assistance or cleared from the scene. Instead, the officers who did arrive immediately drew their weapons on Agent Burk, berated him, manhandled him, repeatedly tased him, cuffed him, and locked him in the back of a police cruiser. Their blatant misconduct violated Agent Burk's Constitutionally protected rights and caused him severe and permanent physical and emotional injuries.

## THE PARTIES

2.  Plaintiff, James A. Burk, Jr., is a citizen and resident of the State of Ohio.

3. Plaintiff, Summer Hilfers, is a citizen and resident of the State of Ohio. Plaintiff Hilfers is, and was at all relevant times, Agent Burk's spouse. The unlawful actions of the defendants described in this Complaint and the resulting injuries to Agent Burk have all occurred while Ms. Hilfers has been pregnant with the couple's first child.

4. Defendants Joseph Fihe and Kevin Winchell were, at all times material to this Complaint, duly-appointed police officers employed by the City of Columbus in its Division of Police and were acting in the course and scope of their employment and under color of state law. They are sued in their individual capacities.

5. Defendant City of Columbus is a municipal corporation, duly incorporated under the law of the State of Ohio, is the employer and principal of Defendants Fihe and Winchell, and is responsible for the policies, practices, and customs of its Police Department.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1343, and 1367 (supplemental jurisdiction) because this is a civil action seeking reparations for the violation of rights secured by the United States Constitution.

7. Venue is proper in this Court because the events giving rise to this action occurred in Franklin County, Ohio, where Defendant City of Columbus is located and operates the Division of Police that empowered Defendant officers' excessive force.

## BACKGROUND INFORMATION

8. Agent Burk is a decorated veteran originally from Chicago.

9. After his honorable discharge from the U.S. Marine Corps, Agent Burk became a police officer for the Hammond Indiana Police Department.

10. While serving as a police officer, Agent Burk was awarded the Hammond Optimist Club Police Officer of the Year Award in 2001 and the Lake County Chamber of Commerce Police Officer of the Year Award in 2002.

11. Since 2004, Agent Burk has been a Special Agent with ATF.

12. From 2004–2017, Agent Burk's responsibilities as a Special Agent for ATF included various assignments ranging from: leading several complex drug and firearm and home invasion investigations, various undercover roles, Special Response Team Operator, Control and Arrest Techniques Instructor, Taser Instructor, Firearms Instructor, Division Tactical Advisor, and NICS (National Instant Criminal Background Check System) Investigator.

13. Agent Burk has enjoyed an esteemed career as an ATF Special Agent.  In 2005, ATF awarded Agent Burk the Todd McKeehan Award for finishing at the top of his class in basic training.  In 2007, he received the Leadership Award for exhibiting exceptional leadership qualities at ATF SRT Basic School.  In 2008, ATF presented Agent Burk with a certificate honoring him for his sustained superior performance as a Special Agent.  In 2011, Agent Burk received a Medal of Valor and in 2015 he received a Hostile Action Medal. Agent Burk routinely meets and exceeds his job expectations, and as an example, received an outstanding rating on his 2020 performance review.

14. Since 2017, Agent Burk has exclusively worked ATF NICS firearm investigations where his responsibilities include determining persons federally prohibited from owning firearms, subsequently locating and contacting those individuals, and then facilitating the recovery of the firearms they unlawfully possess.  These procedures are known as NICS retrievals.

15. For NICS retrievals, Agent Burk often must go to an individual's home to retrieve their unlawfully possessed firearms. Agent Burk has conducted hundreds of NICS retrievals during his career.

16. ATF Special Agents performing NICS retrievals or any routine field investigation wear no uniform and are only required to carry their credentials (including their badge) and their issued firearm.

17. Agent Burk's ATF responsibilities require him to interact with a wide range of people from all walks of life. Despite this, before the events described in this Complaint, he had never experienced an adverse interaction or physical encounter with a citizen or responding law enforcement agency when conducting a NICS retrieval or received any complaint about a NICS retrieval.

## FACTS

18. On the afternoon of July 7, 2020, Agent Burk visited the home at 3359 Edgebrook Drive, Dublin, Ohio 43017, for what he thought would be a routine NICS retrieval. As to be expected, Agent Burk wore casual professional attire. He carried his ATF credentials in his left cargo pocket and wore a Department of Justice identification card fastened around his neck.

19. Agent Burk knocked on the home's front door. When the occupant asked who it was he identified himself by announcing his name and that he was with ATF. He told the home's occupant he had his badge on him and read her his badge number.

20. Despite Agent Burk's representations, the occupant refused to open the door and called 911.

5

21. The occupant told the 911 operator Agent Burk's name, that he was with ATF, and that he showed her his badge. The occupant also read the operator Agent Burk's badge number.

22. The 911 operator still instructed the occupant not to open the door and then dispatched officers to the home.

23. Armed with the easily verifiable information that Agent Burk was a federal agent, officers Fihe and Winchell proceeded to the home.  Officer Fihe arrived first.

24. When Fihe arrived at the scene, Agent Burk stood outside the home's front door and waved the officer over to where he was standing.  Having dealt with similar situations before, Agent Burk expected the arriving officer to assist him with the retrieval.  When Fihe walked towards him, Agent Burk instantly turned toward the officer with both hands raised and informed him that he is a federal agent.  Below is a picture of what Fihe first saw as he neared the home.



25. Even though Agent Burk had both hands raised and had represented that he is a federal agent, officer Fihe immediately drew his weapon and pointed it directly at Agent Burk while simultaneously screaming at him to get on the ground.

6

26. With both hands still visible, Agent Burk again explained to Fihe that he is a federal agent and that he had his credentials in his cargo pocket.

27. Fihe refused to listen and berated Agent Burk, maintaining his gun's aim on him for over a minute and a half.

28. Officer Winchell arrived at the scene in the middle of this interaction. When he arrived, Agent Burk's hands were still raised but Winchell nonetheless immediately drew his gun, pointed it directly at Burk, and screamed at him to get on the ground.

29. Agent Burk complied and laid on the ground face down on the concrete. While face down, he told both officers his credentials were in his left cargo pocket.

30. Instead of pulling Agent Burk's credentials, both officers climbed on his back while violently twisting and pulling his arms to handcuff him.

31. Officer Winchell drove his knee into Agent Burk's back. Officer Fihe jerked Agent Burk's head down causing his glasses to slip off on the pavement.

32. While still face down, Agent Burk pleaded with the officers to stop and informed them that he has a medical condition. He again told them his credentials is in his left cargo pocket.

33. Again, neither officer pulled Agent Burk's credentials and they continued jamming Agent Burk's hands behind his back to cuff him. Agent Burk then informed them that he was hyperventilating and again implored the officers to please get his credentials out of his left cargo pocket.

34. The officers refused and continued driving into Agent Burk's back. Officer Winchell then asked Officer Fihe to get the taser out.

35. Officer Fihe immediately tased Agent Burk while he was still face down not evading arrest. Officer Fihe tased Agent Burk multiple times in the back. The officers then handcuffed him and he again informed them he is a federal agent.

36. Next, the officers sat Agent Burk up and Officer Fihe finally retrieved Burk's credentials from his left cargo pocket. Even after reviewing the credentials that prove Agent Burk is indeed a Special Agent with ATF, the officers kept Agent Burk restrained and attempted to shove him in the back of a police cruiser.

37. But a seatbelt inhibited Agent Burk's ability to fully enter the back of the cruiser while handcuffed. Half in the cruiser, Agent Burk begged the officers for air, told them again that he has a medical condition, and asked for an ambulance.

38. Over Agent Burk's repeated cries that he could not breathe and needed air, Officer Winchell continued shoving him into the cruiser. At the same time, Officer Fihe went around to the other side of the vehicle and began yanking Agent Burk's left hand to fully pull him into the vehicle.

39. Agent Burk shouted that the officers were injuring his head by attempting to push and pull him into the vehicle and told them the seatbelt was blocking his ability to fully enter the cruiser.

40. The officers nonetheless continued manhandling Agent Burk over the seatbelt from both sides. Once Agent Burk was fully in, the officers locked him in the back of the cruiser. Agent Burk again explained to the officers that the whole time he was just trying to show them his credentials.

41. Agent Burk remained locked in the back of the cruiser until several other officers arrived on the scene, reviewed Agent Burk's credentials, confirmed his status as a Special Agent

with ATF, and interviewed him.  During this period, the officers denied his repeated requests for a drink of water and officer Fihe frequently disparaged Agent Burk to everyone in earshot.

42. Agent Burk was unlawfully detained for roughly one hour.  Having done nothing wrong and having acted as a lawful agent within his scope of duty, he was eventually released with no charges against him.

43. The force applied by Officers Fihe and Winchell against Agent Burk was excessive, unnecessary, and unjustified.

44. At all times during the encounter, Agent Burk acted lawfully and posed no immediate threat to officers Fihe and Winchell or anyone else.  Moreover, Agent Burk did not resist the officers, attempt to flee from their custody, or display any physical aggressiveness towards them.

45. Agent Burk was never arrested, charged with a crime, nor read his rights.

46. Officers Fihe and Winchell had no reasonable suspicion or probable cause to seize Agent Burk.

47. Agent Burk did not pose any threat to the safety of Officers Fihe or Winchell or anyone else, and Officers Fihe and Winchell had no reason to believe Agent Burk posed any such threat.

48. Much of the incident was captured on the officers' body cameras.

49. Defendants shared body camera footage of the incident broadly within the Columbus Police Department and others outside CPD. The footage was shared not for any proper purpose, but rather to ridicule and embarrass Agent Burk.

50. Agent Burk suffered severe physical and psychological injuries as a direct and proximate result of the actions of officers Fihe and Winchell.

51. In violating Agent Burk's constitutional rights, Defendants engaged in willful, wanton, reckless, and/or negligent conduct. This unconstitutional conduct and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Burk's injuries.

52. As a direct and proximate result of Defendants' conduct, either individually and/or collectively, Agent Burk suffered and continues to suffer lasting injuries including, inter alia, physical pain and harm, and serious and severe mental, emotional, and psychological injuries and damages.

53. As a further direct and proximate result of Defendants' conduct, either individually and/or collectively, Agent Burk has been transferred from field work to a purely administrative and support position.  Because he was injured and unable to continue doing his job in an investigative and effective capacity, adjustments had to be made to accommodate him.

54. The injuries Agent Burk suffered were all preventable had Defendants not committed unconstitutional conduct in violation of his fundamental rights.  If not for the actions of the Columbus Police Department and its officers' unconstitutional actions, Agent Burk would still actively be serving in the field protecting our community.  Upon information and belief, the City of Columbus has failed to effectively investigate or impose any discipline on Officers Fihe or Winchell for their illegal behavior.

## COUNT ONE:  VIOLATIONS OF 42 U.S.C. § 1983
## (AGENT BURK VS. DEFENDANTS FIHE AND WINCHELL)

55. Agent Burk repeats and realleges the above allegations as if fully realleged here.

56. Defendants Fihe and Winchell repeatedly applied excessive force to Agent Burk on July 7, 2020.  Fihe and Winchell's conduct violated Agent Burk's rights guaranteed by the United States Constitution, including Agent Burk's right under the Fourth Amendment to be secure in his person against unreasonable searches and seizures.

57. Defendants Fihe and Winchell failed to act to prevent the use of excessive force against Agent Burk although each observed excessive force being used and/or had reason to know that excessive force would be used, and even though each had both the opportunity and means to prevent the harm to Agent Burk from occurring.

58. The actions of Officers Fihe and Winchell were malicious, willful, or wanton, or they displayed a reckless disregard and deliberate indifference for Agent Burk's welfare.

59. As a direct and proximate result of these unlawful actions, Agent Burk has suffered severe physical and emotional harm.

## COUNT TWO:  VIOLATION OF 42 U.S.C. § 1983
## (AGENT BURK VS. DEFENDANT CITY OF COLUMBUS)

60. Agent Burk repeats and realleges the above allegations as if fully realleged here.

61. The actions of Officers Fihe and Winchell, as alleged above, were taken pursuant to one or more interrelated de facto policies, practices and/or customs of civil rights violations and unconstitutional practices of the City of Columbus and its Police Department.

62. The City of Columbus, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, under 42 U.S.C. § 1983.

63. Upon information and belief, the City of Columbus has failed to effectively investigate or impose any discipline on Defendant police officers for their illegal behavior.

64. At all times material to this Complaint, the Defendant City of Columbus and its Police Department had interrelated de facto policies, practices, and customs which included, inter alia:

11

    a. the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control City of Columbus police officers who engage in unjustified use of excessive and unreasonable force;

    b. the police code of silence;

    c. the encouragement of excessive and unreasonable force;

    d. the failure to properly investigate the use of excessive and unreasonable force by City of Columbus police officers;

    e. the failure to properly discipline, supervise, monitor, counsel and otherwise control City of Columbus police officers who engage in unjustified use of excessive and unreasonable force;

    f. the failure to properly train and supervise City of Columbus police officers with regard to discharging weapons; and

    g. the failure to properly train and supervise City of Columbus 911 operators and police officers regarding handling police interactions with Federal Agents.

65. Recently, a slew of allegations of excessive force against Columbus police officers have arisen, some of which are captured on video.

66. The aforementioned de facto policies, practices, and customs of the Columbus Police Department include a pattern of acts of excessive use of force and other willful, wanton, and/or reckless behavior leading to harmful consequences.

67. The Columbus Police Department has engaged in little to no meaningful disciplinary action in response to this pattern of misconduct, thereby creating a culture or climate that members of the department can escape accountability with impunity.

68. This pattern is the moving force behind the conduct of the Defendant officers in applying excessive force in searching and seizing Agent Burk, which was not an isolated incident of unconstitutional policing within the City of Columbus.

69. The policy, practice, and custom of a police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including unlawful searches and seizures, despite their obligations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations to protect themselves or fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have engaged in misconduct.

70. The de facto policies, practices, and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel, or control police misconduct and the code of silence are interrelated and exacerbate the effects of each other, to institutionalize police lying and immunize police officers from discipline.

71. That the unconstitutional actions of the Defendants as alleged in this Complaint were part and parcel of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policymakers, as well as by a wide range of other police officials, officers, and divisions of the Police Department.

72. The policies, practices and/or customs alleged in this Complaint, separately and together, are the proximate cause of the injuries to Jim Burk because Defendant officers were not properly trained, had good reason to believe that their misconduct would not be revealed or reported by fellow officers or their supervisors, and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

73. But for the belief that they would be protected, both by fellow officers and by the City of Columbus Police Department, from serious consequences, Defendants Fihe and Winchell would not have engaged in the conduct that resulted in the injuries to Agent Burk.

74. The interrelated policies, practices, and customs, as alleged in this Complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant officers to commit the acts alleged in this Complaint against Agent Burk, and therefore acted as the moving forces behind and the direct and proximate causes of the injuries to Agent Burk.

**COUNT THREE:  MALICIOUS/WILLFUL/WANTON/RECKLESS MISCONDUCT**
**(AGENT BURK VS. DEFENDANTS FIHE AND WINCHELL)**

75. Agent Burk repeats and realleges the above allegations as if fully realleged here.

76. Defendants Fihe and Winchell failed to exercise due care, and acted with a malicious purpose or in bad faith, willful, wanton, or reckless manner while engaged in police functions and activities, including but not limited to the unreasonable search and seizure of Agent Burk.

77. Defendants acted under color of law and within the scope of their employment when they took these actions.

78. As a direct and proximate cause of Defendants' misconduct, Agent Burk suffered and continues to suffer injury and damages as set forth in this Complaint.

**COUNT FOUR:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGENT BURK VS. DEFENDANTS FIHE AND WINCHELL)**

79. Agent Burk repeats and realleges the allegations set forth above.

80. Defendants Fihe and Winchell's conduct toward Agent Burk was extreme and outrageous and exceeded all bounds of decency.

81. Officers Fihe and Winchell knew or should have known that their conduct would cause Agent extreme emotional distress.

82. As a direct and proximate result of Officers Fihe and Winchell's conduct, Agent Burk suffered extreme emotional distress that a reasonable person would be unable to endure.

### COUNT FIVE: LOSS OF CONSORTIUM DERIVATIVE OF STATE LAW CLAIMS (MS. HILFERS VS. DEFENDANTS FIHE AND WINCHELL)

83. Ms. Hilfers repeats and realleges the allegations set forth above.

84. Ms. Hilfers is, and was at all relevant times, Agent Burk's spouse. The actions of Officers Fihe and Winchell and the resulting injuries to Agent Burk have caused Ms. Hilfers damage.

85. As a direct and proximate result of Officers Fihe and Winchell's conduct, Ms. Hilfers has suffered a loss of spousal consortium.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand that judgment be entered in their favor on all counts and request the following relief:

A. Compensatory and punitive damages in an amount to be determined at trial;

B. Attorneys' fees and costs to prosecute this action; and

C. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Rex H. Elliott
Rex H. Elliott               (0054054)
Barton R. Keyes          (0083979)
Jonathan N. Bond        (0096696)
Cooper & Elliott, LLC
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)
rexe@cooperelliott.com
bartk@cooperelliott.com
jonb@cooperelliott.com

Attorneys for Plaintiff
James A. Burk, Jr.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable under law.

/s/ Rex H. Elliott

16