UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. BURK, JR., *et al.*,

    Plaintiffs,

v.                      Civil Action 2:20-cv-6256
                                    Judge James L. Graham
                                    Magistrate Judge Chelsey M. Vascura

CITY OF COLUMBUS, *et al.*,

    Defendants.

## PRELIMINARY PRETRIAL ORDER

The parties submitted their Rule 26(f) Report on March 12, 2021, and indicated their preference that the Court issue a Preliminary Pretrial Order without a conference. Accordingly, the March 22, 2021 preliminary pretrial conference is **VACATED**.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **April 2, 2021**.

### Jurisdiction and Venue

There are no contested issues related to venue or jurisdiction.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **May 28, 2021**.

### Motions

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

This case stems from Agent James A. Burk's encounter with Defendants on July 7, 2020. Plaintiffs' Complaint alleges Defendants exerted excessive force against Burk in violation of the United States Constitution. Plaintiffs' Complaint alleges five causes of action: (1) Violations of 42 U.S.C. § 1983 against the Defendant Officers; (2) Violations of 42 U.S.C. § 1983 against the City of Columbus; (3) Malicious/Willful/Wanton/Reckless Misconduct against Defendant Officers; (4) Intentional Infliction of Emotional Distress; and (5) Loss of Consortium brought by Burk's wife, Summer Hilfers. Defendants deny any wrongdoing. Defendants further deny any City customs or policies caused any wrongdoing.

There is a jury demand.

**Expert Disclosures**[1]

Primary expert reports, if any, must be produced by **October 20, 2021**. Rebuttal expert reports, if any, must be produced by **November 22, 2021**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court.

---

[1] Rebuttal/Responsive experts are strictly limited to rebutting unanticipated opinions expressed by a primary expert. When the plaintiff intends to offer no expert testimony supporting his or her claims, but the defendant chooses to offer expert testimony on them that would ordinarily constitute rebuttal/responsive testimony, the defendant's experts must make such disclosures by the first deadline.

If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **January 15, 2022**. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI. The parties currently do not anticipate any complex ESI productions or issues in this case. ESI is likely limited to basic electronic documents, e.g., emails or electronically-created or scanned document files. To the extent emails or electronic documents are produced in a Bates numbered format, the parties agree to produce them in a way that preserves metadata (e.g., both an imaged/Bates numbered format and natives, or processed in a way that the imaged/Bates numbered documents produced have corresponding metadata and load files.

The parties do not intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **March 15, 2022**.

**Settlement**

Plaintiff shall make a settlement demand by **June 1, 2021**. Defendants shall respond by **July 1, 2021**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **February 2022**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully

with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE