

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Bureau Deciding Official*

_____

www.atf.gov

100000:
2141

November 3, 2021

MEMORANDUM TO: James A. Burk, Jr.
Special Agent
Cincinnati I Field Office
Columbus Field Division
Office of Field Operations

FROM: Bureau Deciding Official

SUBJECT: Notice of Final Decision on Proposed Removal

By memorandum dated July 16, 2021, the Chair of the Professional Review Board (PRB) notified you of the PRB's proposal to remove you from your position of Special Agent, GS-1811-13, based on your **Conduct Unbecoming a Special Agent**.

As the Bureau Deciding Official (BDO) in this matter, I have decided to sustain the charged misconduct and to sustain your removal.

I reached my decision after carefully considering the record evidence in this case. Specifically, I considered the following: (a) Office of Professional Responsibility and Security Operations (OPRSO), Internal Affairs Division (IAD), Report of Investigation (ROI), number 20200061, dated March 16, 2021; (b) the PRB's proposal (*PROP*), dated July 16, 2021; (c) your written reply *(WR)*, dated September 13, 2021, and the accompanying exhibits (*EXH*); and (d) your oral reply *(OR)*, which occurred on October 13, 2021.

**DISCUSSION:**

As the record evidence states the details that led to your proposed removal, I will not discuss them here. Instead, I will limit my analysis to my decisions concerning the proposed misconduct and penalty.

I find the record contains sufficient evidence to establish that you committed the misconduct as charged. Specifically, I find that the video recordings from Officer Fihe's body camera, Officer

Special Agent James A. Burk
Notice of Final Decision in Matter 20200061

Winchell's body camera, and the rear seat camera of the patrol vehicle in which they placed you after handcuffing you (*See ROI, respectively EXHs 7, 8 and 10),* and your statements to IAD special agents during your interview preponderantly establish that you committed the misconduct as stated in the PRB's proposal. Therefore, I sustain the charge and specifications listed in the PRB's proposal. The sustained misconduct is listed below for reference:

**Charge: Conduct Unbecoming a Special Agent**

**Specification 1:** On or about July 7, 2020, at or near Dublin, Ohio, when approached by a police officer that you were told was coming to the scene, you failed to have any law enforcement officer (LEO) badge or credentials visible to identify yourself as a LEO, and when addressed by the police officer you stated, "I'm a federal fucking agent."

In sustaining this specification, I find that you did not have any LEO badge or credentials visible to identify yourself as a LEO, despite your awareness that the local police were being called to the scene. *See EXH 7 at 5:10 to 5:20*. While factually true, this conduct alone does not constitute conduct unbecoming a special agent.

I further find that you complied with Officer's Fihe's initial command to you to "turn around" and to let him "see your hands." *See EXH 7 at 5:14*. However, after you complied with his initial command and unprompted by any verbal command from Officer Fihe, you stated, "I'm a federal fucking agent." *Id.* In doing so, you demonstrated conduct unbecoming a special agent. The use of profanity to identify yourself was improper in these circumstances and in and of itself, constitutes conduct unbecoming a special agent. Therefore, I sustain this specification.

**Specification 2:** On or about July 7, 2020, at or near Dublin, Ohio, you refused a police officer's initial commands for you to get on the ground. You told the police officer, "I'm not getting on the ground" and "it ain't happening." You only complied after the police officer asked you to get on the ground numerous times and after a second police officer arrived on the scene.

In sustaining this specification, I find that video from Officer Fihe's body-worn camera establishes that he commanded you to get on the ground more than five times, and that you did not comply. I also find that you refused his command when you told officer Fihe, "I am not getting on the ground," and "it ain't happening." *See ROI EXH 7, at 5:20 – 6:50; see also ROI EXH 8, at 1:00-1:20.* Furthermore, in your statements to IAD special agents you stated that you told Officer Fihe, "I am not getting on the ground," and that you only got on the ground after the second officer arrived at the scene. *See ROI pg. 52-53.*

In not complying with an officer's initial lawful command for you to get on the ground, and in refusing to comply until the second officer arrived on the scene, you demonstrated conduct unbecoming a special agent. Therefore, I sustain this specification.

BUR-02-000081.02

Special Agent James A. Burk
Notice of Final Decision in Matter 20200061

**Specification 3:** On or about July 7, 2020, at or near Dublin, Ohio, you exhibited uncooperative behavior when police officers attempted to put you in handcuffs, which caused a police officer to use a Taser to subdue you. In doing so, you demonstrated conduct unbecoming a special agent. Therefore, I sustain this specification.

In sustaining this charge, I find that video from Officer Fihe's body-worn camera and your statements to IAD special agents establish that you exhibited uncooperative behavior when Police Officers Fihe and Winchell attempted to handcuff you. This behavior led Officer Fihe to use a Taser to subdue you. *See ROI EXH 7, 6:50 – 8:00, & ROI pgs. 13 – 15*. Therefore, I sustain this specification.

**PENALTY:**

Having sustained the charge and specifications presented in the proposal notice, I considered the relevant Douglas Factors[1] to determine a reasonable penalty for the sustained misconduct. In doing so, I reviewed the PRB's penalty analysis as documented in the proposal. *See PROP pgs. 5-8.*

I agree with the PRB's analysis regarding the relevant Douglas Factors, and its explanation of which factors are mitigating, and which are aggravating in your case. Specifically, I find the sustained misconduct is serious for the same or similar reasons identified by the PRB, and as outlined below. *See PROP, pg. 5-8.* I note that your misconduct occurred during your interactions with CPD officers who responded to an emergency call from an occupant of a residence in Dublin, Ohio, where you had attempted to contact the subject of a National Instant Background Check System (NICS) investigation. As such, your misconduct occurred while you were in the performance of your duties and responsibilities as an ATF Special Agent. As noted by the PRB, much of your misconduct was intentional, repeated, and created an unnecessary risk of harm for yourself and the responding officers. *See PROP pg. 5.* This enhances the severity of the misconduct.

Additionally, I agree with the PRB that your job level and type of employment is an aggravating factor in your case. This is because you are held to a higher standard of conduct as a LEO, and your misconduct violated the standard. Moreover, you have routine contact with the public, which was the case at the time of your misconduct. I also find that you have a significantly aggravating past disciplinary record, as noted by the PRB.

In assessing your work record, I considered the PRB's analysis and the new mitigating information you submitted in your *WR* and *OR* regarding your work performance, generally. This includes, but is not limited to, a review of the information you submitted relating to your successes in NICS investigations. *See WR pgs. 3-4, 15-17.*

---

[1] Douglas vs. Veterans Administration, 5 M.S.P.R. 280 (1981)

Special Agent James A. Burk
Notice of Final Decision in Matter 20200061


I agree with the PRB that your length of service and your record of performance are mitigating factors in your case. This conclusion is bolstered by your additional submissions on your work record within your *WR* and *OR*. However, I also agree with the PRB that your limited potential for use as an ATF Special Agent based on your prior disciplinary record involving Kroger is aggravating in your case.

I considered the letters of recommendation within your WR, including the letters from Special Agent in Charge (SAC) Jonathan McPherson and SAC Roland Herndon, Assistant Special Agent in Charge (ASAC) ▮▮▮▮▮▮▮, and Resident Agent in Charge (RAC) ▮▮▮▮▮▮▮▮▮.

In his letter, SAC McPherson recounts a conversation with the CPD as follows: "As a result of the conversation, the [local Police] Chief and I both agreed that things could have been handled differently by both the officer and Jim […]" *See WR EXH 1, pg. 2* SAC McPherson provides additional context concerning incidents that day to "show that this incident was not the result of one man's actions, that yes, **both the officer and Jim could have responded differently**, but Jim was not alone with actions that contributed to the result of this incident." *Id. at pg. 3 (emphasis added.)* He further describes informing you that you could have handled the situation differently, but that he understood why you responded how you did. *SEE WR EXH 1, pg. 5.*

Special Agent in Charge Herndon states in his letter, "[h]indsight tells us this situation could have been handled differently **by all involved**. That being said, I strongly believe that Special Agent Burk's actions in this matter do not warrant termination." *(emphasis added.) SEE WR EXH 2, pg. 3.*

I weighed the mitigating information in these letters as well mitigating information in ASAC ▮▮▮▮▮ and RAC ▮▮▮▮▮▮▮▮ letters very heavily in my deliberations. All of them provide meaningful context to the event, and attest to the quality of your performance, which as noted above, is mitigating in your case. However, when read together, the letters also support my conclusion that you do bear responsibility concerning the incident, which you completely fail to recognize throughout this process.

Accordingly, I agree with the PRB's analysis which states you have poor potential for rehabilitation. The PRB's proposal cites misconduct after previous discipline and your failure to take responsibility for your misconduct in the present incident to be significantly aggravating in your case. *See PROP, pg. 8.* I agree with this analysis.

It is more concerning to me that you continue to fail to accept any responsibility for your misconduct even in the face of the letters of support included within your *WR* from SAC John McPherson and SAC Herndon, which address that you are at least partially responsible for how this event unfolded.

Not only do you not take any responsibility for your actions, but you also fail to recognize that your misconduct charge arises from your refusal of lawful commands by a police officer, and in


Special Agent James A. Burk
Notice of Final Decision in Matter 20200061

doing so, you played a significant part in escalating the encounter. Your failure to recognize your role in escalating this incident, your refusal to acknowledge that you have done anything wrong, and your attempts to shift all blame for the incident to CPD officers raises serious doubts about and reflects poorly on your potential for rehabilitation.

Moreover, I considered your assertion that the ROI failed to include interviews with your supervisors and documentation of the interaction between ATF leadership and CPD leadership to resolve the matter including documentation of CPD's admissions of fault. I also considered your state of mind during the encounter with Officer Fihe. Concerning the latter, you described your fear response to Officer Fihe's aggression, as well as your concern about tactical risks to you that might have resulted had you followed his command. You also assert you have a history of claustrophobia and fear of being placed into a potentially claustrophobic situation.

**Conclusion:**

I find that the mitigating factors in your matter do not outweigh the aggravating Douglas Factors, for the reasons noted in the PRB's proposal and as detailed within this notice of decision. Accordingly, I find that the penalty of removal is a reasonable penalty for the sustained misconduct in this case. I further find that anything less than removal will not adequately and effectively impress upon you the seriousness of your misconduct and deter such conduct from you in the future. This penalty is consistent with the agency's Guide for Penalties and Offenses. Lastly, I find this action is fully warranted and promotes the efficiency of the service.

**Your removal is effective November 5, 2021.**

**APPEAL RIGHTS:**

In accordance with 5 U.S.C. § 7513(d) and 5 C.F.R. § 752.405(a), you have the right to appeal this action to the Merit Systems Protection Board (MSPB). If you choose to appeal this action to the MSPB, you must file your appeal within thirty (30) calendar days of the effective date of this action or within thirty (30) calendar days after the date of this decision, whichever is later.

Your appeal must be made pursuant to the regulations contained in Part 1201 of Title 5 of the C.F.R. The procedures for appeal are also available on the MSPB's website: http//www.mspb.gov.

At this time, the MSPB strongly encourages the use of e-Appeal Online to avoid delays associated with paper submissions. Relevant information can be found at: MSPB e-Appeal Homepage

Special Agent James A. Burk
Notice of Final Decision in Matter 20200061


If you opt to submit your appeal by mail, it should be addressed to:

U.S. Merit Systems Protection Board<br>
Central Regional Office<br>
230 South Dearborn Street<br>
31st Floor<br>
Chicago, IL 60604-1669

You may reach the MSPB as follows:

Telephone (312) 353-2923<br>
FAX (312) 886-4231<br>
chicago@mspb.gov

Your appeal should inform the MSPB that the records of your case may be obtained by writing to the Associate Chief Counsel, Litigation Division, Office of Chief Counsel, Bureau of Alcohol, Tobacco, Firearms and Explosives, 99 New York Avenue, NE, Washington, DC 20226, telephone: (202) 648-7000; fax: (202) 648-9584. This will assist the MSPB in processing your appeal.

It is required that all petitions for appeal to the MSPB be made in writing or submitted on-line through the MSPB e-Appeal Online process, and must set forth the reasons for contesting the adverse action. In addition, all of the information called for in Part 1201, Appendix I, of Title 5 of C.F.R. must be provided. This information may be provided on the copy of the attached appeal form.

If you believe that this action is in reprisal for whistleblowing, you may file a complaint with the U.S. Department of Justice Office of the Inspector General, Investigations Division at (800) 869-4499 or at https://oig.justice.gov/hotline. You may also file a complaint with the U.S. Office of Special Counsel (OSC). However, if you do so, your appeal will be limited to whether the agency took one or more covered personnel actions against you in reprisal for making certain protected disclosures. You can contact OSC at (202) 804-7000 / (800) 872-9855 or for hearing and speech disabled at (800) 877-8339, and at https://osc.gov/Pages/File-Complaint.aspx.

If you believe that prohibited discrimination due to race, color, religion, national origin, age, sex, sexual orientation, disability, retaliation, parental status, or genetic information is involved in this decision, you may contact the Bureau's Office of Equal Employment Opportunity (EEO) at (202) 648-8760 to initiate a discrimination complaint. Should you elect to initiate such a complaint, you must contact an EEO counselor within forty-five (45) calendar days of the effective date of this action. You may appeal to the MSPB and have the allegation of discrimination considered as part of the appeal but only on the basis of race, color, religion, national origin, age, sex, or disability, or you may pursue the matter under EEO discrimination regulations, but not both.

BUR-02-000081.06

Special Agent James A. Burk
Notice of Final Decision in Matter 20200061

If you appeal this decision, you must elect to do so under only one procedure. You are considered to have made an election when you timely file, in writing, an appeal with the MSPB, a formal EEO complaint, or a request for corrective action with OSC.

If you file under more than one procedure, the procedure under which you timely file first shall be considered to be your elected procedure.

If you are experiencing personal problems, you may contact ATF's Employee Assistance Program (EAP), a confidential counseling and support program. The EAP Helpline is available 24 hours a day, 7 days a week at 1-800-327-2251 or by visiting www.BHSonline.com.

If you have any questions concerning your rights or the procedures in this matter, you may contact ▮▮▮▮▮▮▮▮▮ Counsel to the Bureau Deciding Official, Management Division, at ▮▮▮▮▮▮▮▮▮ or via email at ▮▮▮▮▮▮▮▮▮@atf.gov.



Digitally signed by
▮▮▮▮▮▮▮▮▮
Date: 2021.11.03
14:44:20 -04'00'

Attachment: U.S. Merit Systems Protection Board Appeal Form

BUR-02-000081.07

Special Agent James A. Burk
Notice of Final Decision in Matter 20200061

Acknowledgment of Receipt

_____                                    _____
**Employee Signature**                                                                           **Date**

Your signature above indicates that you have received this document. It does not mean that you agree or disagree with its contents, and by signing you do not forfeit any of your rights specified above. Failure to sign the acknowledgment of receipt will not void the contents of this memorandum.

_____                         _____
**Name/Signature of Person Delivering Document**                                      **Date**

BUR-02-000081.08