# LAST CHANCE AGREEMENT

James A. Burk ("Employee") and the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or "Agency") enter into this Last Chance Agreement ("Agreement") as a full, final and complete settlement of the attached Notice of Proposed Removal, dated May 5, 2016 (Attachment A), and agree as follows:

1. Employee acknowledges that as a result of Employee's conduct, which was the subject of ATF Office of Professional Responsibility and Security Operations Report of Investigation number 20150068, dated February 29, 2016, Employee was given a Notice of Proposed Removal (Attachment A) for the following reasons:

    a. Reason 1: Conduct Unbecoming a Special Agent, which includes 4 Specifications; and
    b. Reason 2: Willful Misuse of a Government-Owned Vehicle (GOV), which contains one Specification.

   However, the Agency is willing to give Employee one last chance to demonstrate that Employee should be retained as an employee of the Agency.

2. Employee understands that the Agency believes it has sufficient evidence to sustain the charges of misconduct as described in Attachment A. As part of this agreement, Employee fully admits to acting as charged in Reasons 1 and 2 and its respective Specifications as detailed in Attachment A, and hereby waives any claim that any of Employee's actions within Attachment A were not justified or permissible.

3. Employee agrees that the terms as set forth in this Agreement are reasonable conditions for Employee to continue Employee's employment with the Agency.

4. The Agency agrees to hold Employee's removal in abeyance for twenty-four (24) months from the date of the last signature below in order to allow Employee one final opportunity to correct Employee's behavior. Employee agrees, however, that the Agency is authorized to terminate Employee's Federal employment immediately and without further notice of any kind upon discovery that Employee has failed to meet any of the conditions outlined in this Agreement in paragraph 6.

5. Employee's employment with the Agency is conditional, subject to the following:

    a. Employee agrees that she will be suspended for a period of thirty (30) calendar days for the charges cited in Attachment 1.

    b. The suspension will be effective Monday, August 8, 2016, up to, and including, Thursday, September 8, 2016, due to the holiday on Monday September 5th, 2016. Employee will return to duty and resume Employee's work schedule on Friday, September 9, 2016.

*[signature] 8/5/16*

    c. Until the effective date of this action, Employee will remain in an active-duty status.

    d. The thirty (30) calendar-day suspension will indefinitely be a permanent part of Employee's Official Personnel Folder ("OPF").

6. Employee agrees that if, within a twenty-four (24) month period from the date of the last signature below, Employee is found to have engaged in <u>any</u> misconduct, the removal action proposed in Attachment A will be reinstated.

    a. The parties agree that if Employee receives a letter of reprimand or notice of proposal for misconduct, Employee will be provided with an opportunity to grieve the reprimand or reply to the duly-designated deciding official regarding the proposal. However, Employee agrees that a final decision sustaining the misconduct will trigger Employee's immediate termination from the Agency and Federal Service.

    b. Upon immediate termination, Employee waives any and all procedural rights to which Employee would otherwise be entitled under the provisions of 5 U.S.C. § 7501, et seq. and 5 C.F.R. § 752, et seq. These rights, which Employee agrees to waive if the removal action is reinstated, include, but are not limited to, the right to a proposal letter, the right to reply, the right to advance notice, and the right to grieve and appeal the removal action.

    c. Employee understands that one (1) incident of misconduct can be just cause for removal.

    d. The parties agree that the misconduct that will trigger the removal action discussed in this paragraph will not include any misconduct stemming from the facts and circumstances cited to in Attachment A.

7. At the conclusion of the twenty-four (24) month period from the date of the last signature below, if Employee complies with the terms of this Agreement, the Agency agrees to cancel Employee's removal, which is being held in abeyance. However, the parties agree that the thirty (30) calendar-day suspension served by the Employee will remain a part of the Employee's OPF and the Agency's disciplinary records. The parties agree that the Employee is not entitled to any reimbursement of any kind, including, but not limited to, the loss of pay or benefits, for the thirty (30) calendar-day suspension.

8. Employee agrees Employee is not entitled to any expenses, costs, or any damages or relief, including attorney's fees or costs, regarding any matter that is subject to this Agreement, its preparation and its execution, or otherwise regarding

Employee's employment with the Agency, that are not set forth in this Agreement.

9. The parties agree that this Agreement may not be used as a basis for seeking or justifying similar terms in any subsequent case.

10. Employee understands and acknowledges that the terms and conditions of this Agreement may be released if required by applicable provisions of the Privacy Act, the Freedom of Information Act, or pursuant to legal process.

11. The parties agree this Agreement is being entered into due to the unique circumstances of this case and it is not to be precedent for any other case.

12. No modification, waiver, or alteration whatsoever of any of the provisions of this Agreement shall be binding, unless in writing and executed by both parties.

13. This Agreement constitutes the entire agreement by and between the parties. No other promises are binding unless in writing and signed by the parties.

14. The parties agree that if Employee believes the Agency failed to comply with the terms of this Agreement, Employee shall contact the Associate Chief Counsel (Management Division) as to any questions, concerns, or issues about Agency compliance with the Agreement, and afford the Agency a reasonable time to address the concerns raised. Employee agrees that failure to contact the Agency before bringing an enforcement/compliance action will constitute a waiver of any and all rights to attorney's fees and costs incurred in such enforcement/compliance action.

15. The parties acknowledge they understand the terms and conditions set forth in this Agreement, and that they voluntarily enter into this Agreement. Employee further acknowledges that Employee enters into this Agreement knowingly and voluntarily after having ample opportunity to consult with Employee's attorney.

16. This Agreement may be executed in multiple copies and is effective on the date of the last signature below.

For Employee:

_____   08/05/2016
JAMES A. BURK                     DATE
Employee


_____   8/5/2016
SUSAN L. KRUGER                   DATE
Employee's Attorney


For the Agency:

[REDACTED]                        8/5/2016
Bureau Deciding Official          DATE