# Exhibit 2

Settlement Agreement between ATF and Burk
(Defendants' Trial Exhibit Z)

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
CENTRAL REGIONAL OFFICE

|  |  |
|---|---|
| JAMES A. BURK,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF JUSTICE<br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives<br>Agency. | DOCKET NUMBER<br>CH-0752-22-0086-I-2<br><br>Administrative Judge<br>Daniel R. Fine |

## SETTLEMENT AGREEMENT

This Settlement Agreement (Agreement) is entered into by and between James A. Burk and the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF or Agency) to settle and fully resolve any and all claims arising out of Appellant's employment with ATF including, but not limited to, all issues arising out of or related to the facts and circumstances of the subject Merit Systems Protection Board (MSPB) appeal, Docket No. CH-0752-22-0086-I-2. To that end, Appellant and ATF (collectively, the parties) do fully resolve any and all claims against ATF that have or could have been made by Appellant up to and including the date of the last signature below, freely and voluntarily agreeing and stipulating to the terms set forth below:

1. The Agency agrees, by the settlement authority's signature below, that within forty-five (45) days of the effective date of this Agreement:

    a. The Agency will modify the Appellant's electronic human resources files and Appellant's electronic Official Personnel File (eOPF) to cancel the removal action for "Conduct Unbecoming of a Special Agent" dated November 5, 2021 in accordance with the following terms:

        i. The Agency will remove any Standard Forms (SFs) reflecting both the cancelled removal action and the SF-50 removing Appellant for "Conduct Unbecoming of a Special Agent", effective November 5, 2021 from Appellant's eOPF; and

        ii. The Agency will modify Appellant's eOPF so that there is no reference to the removal action for "Conduct Unbecoming of a Special Agent."

1



Appellant's Initials
Agency's Initials

    b. The Agency will issue the decision attached hereto as Addendum A removing Appellant due to "Medical Inability to Perform" in accordance with the following terms:

        i. The Agency agrees that based on the medical information from Dr. ▮ ▮ dated May 16, 2022 and October 19, 2022, Dr. ▮ ▮ dated May 17, 2022, Dr. ▮ dated October 15, 2022, and Dr. ▮ dated November 14, 2022, which Appellant authorized to be released to ATF through counsel, that as of the date of Appellant's removal, he was medically unable to perform the essential duties of the Special Agent position and that there is no foreseeable end to Appellant's medical condition;

        ii. The Agency will generate an SF-50 which will be placed in Appellant's eOPF and the Agency's electronic human resources systems, indicating "removal" in "Box 5-B. Nature of Action" and "removed due to medical inability to perform" in "Box 45. Remarks"; and

        iii. The effective date of Appellant's removal from federal service will be November 5, 2021.

2. The Agency agrees it will provide employment verification consistent with the terms in paragraph 4 below.

3. In consideration for the Agency's promises as set forth in paragraphs 1 and 2 of this Agreement, Appellant agrees to the following terms:

    a. Appellant agrees not to apply for or accept employment for any position (to include contractor positions) within the Department of Justice (DOJ), its components (including ATF) or any successor organizations. In the event that DOJ, including its components (and successor organizations) determine the Appellant has applied for or accepted employment in violation of this section, the Appellant authorizes the employing organization to immediately remove the Appellant's application from further consideration, withdraw any offer of employment, or terminate the Appellant's employment. The Appellant further waives any and all right to challenge or appeal actions taken by the employing organization under this paragraph.

    b. By his signature below, Appellant withdraws with prejudice his appeal in the above-captioned MSPB appeal, MSPB Docket No. CH-0752-22-0086-I-2, and he voluntarily waives any and all further appeal rights to the appeal, to include any appeals to the MSPB and/or filing a complaint with a Federal Court, any and all related claims arising out of the facts and circumstances of the appeal that he may bring in any forum, as well as any and all other pending employment-related appeals or complaints Appellant has or could have made against the Agency as of

Appellant's Initials ▮
Agency's Initials 

the effective date of this Agreement, to include any other pending MSPB appeals or EEO complaints and pre-complaints, OSC complaints, claims or grievances, or causes of action arising prior to the date of this Agreement.

c. Appellant agrees and understands that the Agency may file a motion to dismiss, a notice of settlement, or copy of this Agreement in the above captioned appeal have the appeal dismissed with prejudice and/or closed with no further action by the MSPB, the Department of Justice and/or the Agency.

d. Appellant, for himself, his heirs, legal representatives, and assigns, agrees to release and forever discharge both the United State Department of Justice and ATF as well as their employees, agents and officials, both in their individual and official capacities, from any and all claims, demands, obligations, actions, causes of action, damages, attorneys' fees, costs, expenses, and compensation of any nature whatsoever, both legal and equitable, which Appellant now has or may hereafter acquire against the Agency resulting from or relating to, in any way whatsoever, the subject matter of this Agreement, or otherwise concerning Appellant's employment with the ATF up to the effective date of this Agreement, including the underlying actions and claims. This includes any alleged violation of Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; the Privacy Act of 1974; the Age Discrimination in Employment Act of 1967; 5 U.S.C. § 2301, et seq.; and 5 C.F.R. § 1201, et seq; and the Whistleblower Protection Act (and its amendments).

e. Appellant agrees that he waives any and all rights to, is not entitled to, and he will not file any motion seeking any back pay, expenses, costs, attorney's fees, or any other damages, including but not limited to compensatory damages, payments for pain and suffering, medical bills, or lost wages, in any forum regarding any matter that is subject to this Agreement, its preparation, and its execution, or otherwise regarding his employment with the Agency up to the effective date of the Agreement, that is not explicitly set forth herein.

4. The parties agree that should any prospective non-federal employer contact the Agency regarding Appellant's former employment with the Agency, the Agency will provide employment verification consistent with the following terms for a period of one year following the effective date of this Agreement:

a. Appellant agrees to direct all requests for any verification to the Chief, Payroll Processing & Operations Branch (PPOB), ATF, at HRPDPayrollProcessingandOperationsBranch@atf.gov. Appellant further agrees that the body of any e-mail requesting employment verification must be addressed to "Chief, Payroll Processing & Operations Branch."

Appellant's Initials 
Agency's Initials

b. Appellant agrees to provide the Chief, PPOB, advance notice, by e-mail to the email address set forth in paragraph (4)(a), of any anticipated employment verifications, along with a copy of this Agreement.

c. Appellant is responsible for providing the Agency with his current contact information for purposes of employment verification and keeping the Agency advised of any changes. To advise the Agency of any changes for purposes of employment verification, appellant will contact the Chief, PPOB, via email to the email address set forth in paragraph 4(a).

d. In response to any employment verification request, the Agency agrees to provide verification only, inclusive of the following information: (1) tenure of employment; (2) civil service status; (3) length of service in the Agency and the Government; (4) when separated, the date and nature of the action as shown on the SF-50 for medical inability to perform.

e. The responsibility for directing a request for the Chief, PPOB, rests solely with Appellant.

f. If Appellant does not follow the established protocol as set out in paragraph 4(a), any disclosure of information regarding Appellant in response to an employment verification request sent to any address, or addressed to any individual, other than the individual designated in paragraph 4(a), does not constitute a violation of this Agreement.

g. The parties acknowledge that inquiries to ATF's Office of Professional Responsibility and Security Operations (OPRSO) are not requests for employment verification and are not covered by the provisions of this paragraph.

5. Appellant's waiver of claims as stated in paragraphs 3(b) through 3(e) shall not include any claim that the Agency is in breach of its obligations under this Agreement.

6. By signing this Agreement, Appellant understands that he is knowingly and voluntarily waiving any rights and claims that he may have arising under the Age Discrimination in Employment Act of 1967, as amended (ADEA). Specifically, Appellant understands:

   a. Appellant does not waive rights or claims that may arise after the effective date of this Agreement.

   b. Appellant waives rights and claims only in exchange for consideration.

   c. Appellant is advised to consult with an attorney prior to signing this Agreement.

Appellant's Initials
Agency's Initials 

    d. Appellant has 21 calendar days in which to consider this Agreement before signing it, but Appellant freely and voluntarily waives the 21-day review time-period by his signature below.

        Appellant may revoke this Agreement within seven (7) calendar days of the date on which he signs the Agreement by delivering written notice of his revocation to: Melissa Anderson, Associate Chief Counsel (Litigation), Office of Chief Counsel, Bureau of Alcohol, Tobacco, Firearms and Explosives, by e-mail to Melissa.Anderson@atf.gov

    e. If Appellant revokes this Agreement, it shall not be effective or enforceable, and Appellant will not receive the benefits described in paragraphs 1 and 2 above.

7. This Agreement does not constitute an admission by ATF or Appellant of any violation of law, rule or regulation or any wrongful acts or omissions. By entering into this Agreement, the Agency, its officers, its agents, and its employees in no way admit to any wrongdoing, liability to or discrimination against Appellant. Additionally, by entering into this Agreement, the Appellant in no way admits to any wrongdoing. The Agency agrees that this Agreement shall not be construed as an admission of wrongdoing or liability by the Appellant. Similarly, Appellant agrees that this Agreement shall not be construed as an admission of wrongdoing, liability or discrimination by the Agency, its officers, its agents or its employees in this or any other proceeding or litigation initiated by Appellant against the Agency. Appellant expressly agrees not to use this Agreement in any judicial or administrative proceeding as evidence of liability on the part of the Agency, or any of its current or former employees.

8. The parties agree that the terms and conditions of this Agreement may be released if required by applicable provisions of the Privacy Act, the Freedom of Information Act, or pursuant to legal process.

9. The parties agree that nothing contained herein shall prevent the Agency's Office of Professional and Security Operations (OPRSO) and/or Office of Chief Counsel from keeping any documents currently in its investigation and/or litigation files for the above-captioned administrative action, or from disclosing and using those documents or copies thereof in accordance with applicable laws and regulations.

10. The parties agree that the terms of this Agreement are unique to the facts and circumstances of this case. This Agreement may not be used as a basis by the parties for seeking or justifying similar terms in any subsequent case.

11. This written Agreement between the parties was reached after discussion and negotiations. The terms and conditions of this Agreement are intended to reflect the final Agreement between the parties. The terms and conditions of this Agreement are binding upon all parties upon its execution by the parties and supersede any discussions, oral agreements, or oral understandings that might have occurred between the parties.

Appellant's Initials 
Agency's Initials

12. This Agreement constitutes the entire agreement of the parties and fully resolves all matters and issues raised in the above-captioned appeal. No modification, waiver, alteration, other promises, or agreements whatsoever shall be binding on the parties unless modified or amended by mutual agreement of the parties, in a writing specifically referring to this Agreement and executed by the parties.

13. The parties agree that this Agreement will be adopted by the MSPB as a final and binding resolution of the above-captioned appeal. The parties further agree that this Agreement will be offered to the MSPB for inclusion in the record pursuant to 5 C.F.R. § 1201.41(c).

14. The parties agree to attempt to informally resolve any issues regarding this Agreement, including, but not limited to, the terms and conditions, before initiating enforcement proceedings with the MSPB or attempting to rescind the Agreement. If the parties are not able to resolve the issue through an informal resolution, the Appellant may seek enforcement of this Agreement by following the procedures set forth in 5 C.F.R. § 1201.182(b).

15. If a provision of this Agreement is subsequently determined to be invalid, such provision shall be considered severed if it does not result in Appellant's appeal being reinstated, and the invalidity of such provision shall not result in the invalidity of this Agreement or any other provision hereof. However, in the event Appellant's appeal is reinstated because a provision of this Agreement is subsequently determined to be invalid, such provision shall not be considered severed and the entire Agreement shall be invalidated, and the parties restored to their position prior to the effective date of this Agreement.

16. The provisions in this Agreement are consistent with and do not supersede, conflict with, or otherwise alter the parties' obligations, rights, or liabilities created by existing statute or Executive Order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this Agreement and are controlling.

17. The parties agree that any alleged breach of any obligation or provision of this Agreement, whether express or implied, shall not give rise to any claim for money damages against the United States, including any claim under the Tucker Act for money damages, and Appellant expressly waives any right to assert such a claim.

18. This Agreement is self-executing, and it is effective when the revocation period in paragraph 6 expires. Thus, once the Agreement is effective, Appellant's MSPB appeal, MSPB Docket No. CH-0752-22-0086-I-2, any cases arising out of the same facts and circumstances as the above captioned case, and any other employment-related claims that

Appellant's Initials 
Agency's Initials

Appellant filed or could have filed against ATF up to and including the effective date of this Agreement, are dismissed and/or withdrawn with prejudice

19. This Agreement may be executed in multiple copies. A copy, facsimile or electronic version of this Agreement that is signed and initialed by the parties is as valid and effective as the original for all purposes.

20. The parties acknowledge that they have read and understand the terms and conditions of this Agreement, they knowingly and voluntarily enter into this Agreement, free of any coercion or duress, and intend to be bound by its contents.

21. Appellant acknowledges that he has had the opportunity to consult with and engage counsel regarding the terms, conditions and signing of this Agreement, if he so chooses.

**For Appellant:**

_____     01/04/2023
James A. Burk                       Date
Appellant

**For ATF:**

[signature redacted]                Digitally signed by John Schmidt
                                    Date: 2023.01.04 13:02:08 -05'00'
_____     _____
John Schmidt                        Date
Bureau Deciding Official

7

Appellant's Initials _____
Agency's Initials _____