## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JAMES A. BURK, JR., et al.,

    Plaintiffs,

    v.

CITY OF COLUMBUS, et al.,

    Defendants.

Case No. 2:20-cv-6256

Judge James L. Graham

Magistrate Judge Chelsey M. Vascura

---

### DEFENDANTS' PROPOSED CASE SPECIFIC JURY INSTRUCTIONS

Defendants Joseph Fihe and Kevin Winchell (together, the "Defendant Officers") propose the following case specific jury instructions. The parties reserve their right to make additional revisions as they move closer to trial.

Respectfully submitted,

/s/ Alexandra N. Pickerill
Alexandra N. Pickerill (0096758) – Lead
Sheena D. Rosenberg (0088137)
Sarah N. Feldkamp (0099464)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
Phone: (614) 645-7385 / Fax: (614) 645-6949
anpickerill@columbus.gov
sdrosenberg@columbus.gov
snfeldkamp@columbus.gov

*Counsel for Defendants Joseph Fihe and Kevin Winchell*

**PRELIMINARY LIMITING INSTRUCTIONS TO THE JURY BEFORE TRIAL**

Reserved for any preliminary limiting instructions that may be needed after pre-trial motions are ruled upon.

## POST TRIAL CASE-SPECIFIC INSTRUCTIONS

Reserved for any limiting instructions that may become needed for issues that arise during trial.

## STATEMENT OF THE CASE

Plaintiff James Burk claims that Defendant Officers Joseph Fihe and Kevin Winchell assaulted him and violated his right to be free from excessive force when they held him at gunpoint, handcuffed him, and tased him once. Plaintiff Burk alleges that, in taking these actions, the Defendant Officers intentionally caused him emotional distress.

Plaintiff Hilfers claims that the conduct of the Defendant Officers has caused a loss of love and support from her husband for which the Defendant Officers are responsible.

The Defendant Officers deny that they intentionally caused Plaintiff Burk emotional distress and deny that their actions constitute battery or an excessive use of force.

I will discuss each of the elements necessary to prove Plaintiffs' claims separately.

**BURDEN OF PROOF**

In a civil action, like this one, the burden is on the Plaintiffs, James Burk and Summer Hilfers, to prove every essential element of a claim "by a preponderance of the evidence." If the proof should fail to establish any essential element of the Plaintiffs' claims by a preponderance of the evidence in the case, you cannot find in favor of Plaintiffs on that claim.[1]

To establish something "by a preponderance of the evidence" means to prove that something is more likely so than not so. It is evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighted. Quality may, or may not, be identical with quantity.[2]

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all evidence regardless of who produced it. You may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[3]

If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.

---

[1] *Chapman v. Wright*, U.S.D.C. East. Div., Case No. C2-02-1008, Judge Edmund Sargus, Jr., Final Instructions to the Jury
[2] *Id*.
[3] 3 Fed. Jury Practice & Instructions, 5th Ed. §104.01

## CREDIBILITY OF WITNESSES

You, the jury, are the sole judge of the facts, the credibility of the witnesses that were presented, and the weight of the evidence presented. In weighing the evidence, you must consider the credibility of each witness. You will apply the tests of truthfulness that you apply in your daily lives. These tests include the appearance of each witness upon the stand and their manner of testifying. You will also consider the reasonableness of their testimony, the opportunity that they had to see and hear the things concerning which they testified, the accuracy of their memory, their frankness, their lack of it, their intelligence, and their interest or bias in the case. You will consider these things together with all of the facts and circumstances surrounding their testimony. Applying these tests, you'll assign to the testimony of each witness such weight as you deem proper. [4]

A law enforcement officer is not by virtue of that status deemed to be more credible than any other witness but, instead, his or her credibility and the weight to be given the testimony are to be judged upon the same standard as other witnesses. [5]

You are not required to believe the testimony of any witness simply because that witness was placed under oath. You may believe or disbelieve all or any part of the testimony of any witness. [6]

In resolving disputed issues of fact, you should not permit your decision concerning any particular question to be determined merely by the number, or quantity, of witnesses or exhibits that one side or the other has introduced into evidence. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and which evidence you find sufficiently believable and trustworthy. You may find that the testimony of a

---

[4] 1 OJI CV 207.11.
[5] *Id.*
[6] *Id.*

smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. As I stated earlier, your function as jurors is to determine the issues of fact raised by the allegations of the Plaintiff and the explanations asserted by the Defendants. [7]

---

[7] *Id.*

## CONSTITUTIONAL RIGHTS PROTECTED BY 42 U.S.C. § 1983 – OVERVIEW

The federal Civil Rights Act of 1871, under which Plaintiff James Burk brings one of his claims, was enacted by Congress to enforce the 14th Amendment to the United States Constitution. The Civil Rights Act of 1871 is also called Section 1983 of Title 42 of the United States Code, or simply "Section 1983" for short. [8]

The 14th Amendment to the United States Constitution provides that:

"No state shall make or enforce any laws which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of laws; nor deny any person within its jurisdiction the equal protection of the laws."

As a matter of law, every person has the right to be free from the excessive use of force. [9] Section 1983, the federal civil rights statute under which Plaintiff Burk sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the constitution or law of the United States. [10]

---

[8] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:21.
[9] *Id*.
[10] *Id*.

8

## 42 U.S.C. SECTION 1983 CLAIM

In order to prove his claim under Section 1983 of Title 42 of the United States Code, the burden is upon Plaintiff Burk to establish by a preponderance of the evidence each of the following elements: [11]

1. The Defendant Officers performed acts that deprived Plaintiff Burk of his federal Constitutional rights, as defined and explained in these instructions, by using excessive force against Plaintiff Burk;

2. The Defendant Officers acted under color of state law; and

3. The Defendant Officers acts were the proximate cause of damages sustained by Plaintiff Burk.

Here, the parties agree that the Defendant Officers were acting under color of state law. In other words, the second requirement is satisfied.

---

[11] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:20.

## DEPRIVATION OF A FEDERAL RIGHT – 42 U.S.C. SECTION 1983 – EXCESSIVE FORCE [12]

The first element which Plaintiff Burk must prove for his claim of violation of the Fourth Amendment is that he was deprived of a federal constitutional right. Plaintiff Burk claims that the Defendant Officers used excessive force when they detained Plaintiff Burk. In carrying out their lawful duties, a law enforcement officer has the right to use such force as is necessary under the circumstances to effect the arrest.

Under the Fourth Amendment of the United States Constitution, every citizen has the right to be free from unreasonable seizure by a law enforcement officer. The constitutional right to be free from unreasonable seizures includes the right to be free from the use of excessive force. Whether the force used was unreasonable is a question to be determined by you in light of all of the evidence received in the case.[13]

A law enforcement officer has the right to use such force as is necessary under the circumstances to subdue a suspect and/or protect himself and others from physical harm. However, the fact that other techniques may have been available to a police officer does not require a finding of excessive force, so long as the police officer acted within a range of conduct which you determine to be reasonable. *Dickerson v. McClellan*, 101 F.3d 1151, 1160 (6th Cir. 1996).

The reasonableness inquiry is an objective one. The question is whether the Defendant Officers' actions were objectively reasonable in light of the facts and circumstances facing them, without regard to their underlying intent or motivation.[14] If a use of force is objectively reasonable under the circumstances, it does not violate the Fourth Amendment.

---

[12] Plaintiffs' Complaint contains exactly one 42 USC § 1983 claim against the Defendant Officers. *See* Compl. (Doc. 1, #1). Count one of the Complaint is an allegation that each Defendant officer used excessive force. No other § 1983 claims, for any conduct other than excessive force, were plead against the Defendant officers.

[13] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:23.

[14] Authority: Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:23, Excessive Force

You must determine the degree of force that a reasonable and prudent police office would have applied in seizing Plaintiff Burk under the circumstances shown from the evidence received in this case. In determining whether the Defendant Officers used excessive force, you may consider:

(a) The extent of the injury suffered,

(b) The need for the application of force,

(c) The relationship between the need and the amount of force used,

(d) The threat reasonably perceived by the responsible officials, and

(e) Any efforts made to temper the severity of a forceful response.

Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interest. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.[15]

In evaluating the reasonableness of the Defendant Officers' actions, you must consider the totality of the circumstances confronting the Officers, including, for example, the severity of the crimes at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest.[16]

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the benefit of 20/20 hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments – under circumstances that are tense, uncertain, and rapidly evolving – about the amount

---

[15] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:23, Excessive Force
[16] Authority: *Graham v. Connor*, 490 U.S. 386 (1989)

of force that is necessary in a particular situation.[17] You must avoid substituting your personal notions of proper police procedure for the instantaneous decision of the officers at the scene. You must not allow a theoretical, sanitized world of your imagination to replace the dangerous and complex world that officers face. What constitutes reasonable action may seem quite different to someone facing a possible assailant than to someone analyzing the question at leisure.[18]

If Plaintiff Burk has failed to prove that the force used by the Defendant Officers was objectively unreasonable under the circumstances, you will enter a verdict in favor of Defendants on Plaintiff's Section 1983 excessive force claim.

If Plaintiff Burk has proven that the force used by the Defendant Officers was objectively unreasonably under the circumstances, you will move to the next element of Plaintiff's Section 1983 excessive force claim – Causation.

---

[17] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:23, Excessive Force
[18] Authority: *Smith v. Freland*, 954 F.2d 343, 437 (6th Cir. 1993), *cert. denied*, 504 U.S, 915, 118 L.Ed. 2d 557, 112 S. Ct. 1954 (1992).

## CAUSATION – 42 U.S.C. SECTION 1983

The next element that Plaintiff must prove by a preponderance of the evidence is that unconstitutional conduct by the Defendant Officers proximately caused Plaintiff Burk's injuries.[19]

An injury or damage is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage to Plaintiff Burk, and that Plaintiff Burk's injury or damage was either a direct result of or a reasonably probable consequence of the act or omission.[20]

The Plaintiff has the burden of proving each and every element of his claim by a preponderance of the evidence. If you find that the Plaintiff has not proven causation by a preponderance of the evidence, you must return a verdict in favor of the Defendant Officers.[21]

If Plaintiff Burk has proven that the actions taken by the Defendant Officers violated his federal constitutional rights and if he has proven causation by a preponderance of the evidence, you will return a verdict in favor of the Plaintiff Burk on his Section 1983 claim.

However, if Plaintiff Burk has failed to prove by a preponderance of the evidence that his harm was caused by the actions of the Defendant Officers, then you must next consider whether the Defendant Officers are entitled to immunity before you can find liability.

---

[19] Authority: *Memphis Community Sch,. Dist. V. Stachura*, 477 U.S. 299, 307  (1986); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.), *cert. denied*, 115 S.Ct. 199 (1994).
[20] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:50.
[21] *Id.*

### § 1983 IMMUNITY

If you find that Plaintiff Burk has proven his claim for excessive force, you must then consider the defense of the Defendant Officers that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.[22]

Police officers are presumed to know about the clearly established constitutional rights of citizens.[23] Plaintiff Burk contends that his right to be free from force under these circumstances was clearly established at the time of the encounter.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that Plaintiff Burk has proved that the Defendant Officers knowingly violated the law regarding Plaintiff's constitutional rights, you must find for Plaintiff Burk. [24]

If, however, you find that Defendants Fihe and Winchell had a reasonable belief that their actions did not violate the constitutional rights of Plaintiff Burk, then you cannot find the Defendant Officers liable even if Plaintiff's rights were in fact violated as a result of the Defendant Officers' objectively reasonable action. [25]

---

[22] 3B Fed. Jury Prac. & Instr. § 165.23 (6th ed.)(modified); *Timothy Davis v. City of Columbus et al.*, U.S.D.C. East. Div., Case No. 2:17-cv-00823, Judge Algenon Marbley, Final Instructions to the Jury.
[23] *Id.*
[24] *Id.*
[25] *Id.*

## BATTERY

Plaintiff Burk also makes a claim that the Defendant Officers committed battery while detaining Plaintiff Burk. The tort of battery involves intentional contact with another, without authority or consent.[26]

Law enforcement officers are authorized to use force as is necessary when making an arrest, subduing a subject, and/or defending themselves, but may not use more force than is objectively reasonable under the circumstances.[27] Accordingly, you must determine whether the force used against Plaintiff Burk was objectively unreasonable.

If Plaintiff Burk failed to prove that the use of force used by the Defendant Officers was unreasonable under the circumstances, then you must find in favor of the Defendant Officers on Plaintiff Burk's assault and battery claim.[28]

If Plaintiff Burk did prove that the use of force by the Defendant Officers was unreasonable under the circumstances, then you must consider the next element of Plaintiff Burk's battery claim- Causation.

---

[26] Authority: 1 OJI CV 429.03 (2020).
[27] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:23, Excessive Force; *Graham v. Connor*, 490 U.S. 386 (1989), *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313 (Ohio App. 4th Dist. 1999).
[28] Authority: *Pollard v. City of Columbus*, 780 F.3d 395, 404 (6th Cie. 2015); *Chappell v. City of Cleveland*, 585 F.3d 901, 916 n3 (6th Cir. 2009).

## CAUSATION – STATE LAW CLAIM

For each of Plaintiff Burk's state law claim- battery - Plaintiff Burk must also prove, by a preponderance of the evidence, that the actions taken by the Defendant Officers proximately caused Plaintiff Standifer's injuries.

"Proximate cause" is an act that in the natural and continuous sequence directly produced the injury and without which the injury would not have occurred.

An injury or damage is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage to Plaintiff Burk, and that Plaintiff Burk's injury or damage was either a direct result or a reasonably probably consequence of the act or omission.

Plaintiff Burk has the burden of proving each and every element of his claim by a preponderance of the evidence. If you find Plaintiff Burk has not proved that any or all of the Defendant Officers' actions were objectively unreasonable and caused Plaintiff Burk harm, you must return a verdict for the Defendant Officers.[29]

If Plaintiff Burk did prove that the Defendant Officers' actions were objectively unreasonable and caused Plaintiff Burk harm, then you must consider whether the Defendant Officers are entitled to immunity before you can find liability.

---

[29] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:50 – Causation.

## STATE LAW IMMUNITY

If you find for Plaintiff Burk on the battery claim, then you will also be asked to determine whether the Defendant Officers acted in a manner that was wanton, reckless, with a malicious purpose, or manifestly outside the scope of their employment.[30]

"Reckless" conduct means conduct characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonably under the circumstances and is substantially greater than negligent conduct.[31]

"Malicious purpose" means the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously through unlawful or unjustified conduct.[32]

"Wanton misconduct" means the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result.[33]

Conduct is within the "scope of employment" if it is initiated in part to further or promote the employer's business. An employee's wrongful act, even if it is unnecessary, unjustified, excessive, or improper, does not automatically take the act manifestly outside the scope of employment. To be outside the scope of employment, an act must be so divergent that it severs the employer-employee relationship.[34]

For his state law claims, Plaintiff Burk has the burden of proving by a preponderance of the evidence that the Defendant Officers acted in a reckless manner. If you find that Plaintiff Burk has failed to meet this burden, you must find in favor of the Defendant Officers on the state law claims.

---

[30] Authority: 1 OJI CV 425.11 (2020).
[31] *Id*.
[32] *Id*.
[33] *Id*.
[34] *Id*.

## LOSS OF CONSORTIUM

If you find for Plaintiff Burk on any of his claims, you will also consider Plaintiff Hilfers' claim for loss of consortium. If you find in favor of Plaintiff Hilfers on this claim, you may include a separate amount that will reasonably compensate Plaintiff Hilfers for her damages which you find resulted from a loss of consortium.[35]

Consortium consists of services, sexual relations, companionship, comfort, solace, and love of the other spouse.[36]

---

[35] 1 OJI CV 315.03; *Bailey v. Emilio C. Chu, M.D., Inc.*, 80 Ohio App. 3d 627, 610 N.E.2d 531, 1992 Ohio App. LEXIS 168

[36] *Clouston v. Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St.2d 65, 51 O.O.2d 96, 258 N.E.2d 230.

## PLAINTIFF BURK'S DAMAGES

If you find for Plaintiff Burk, you must determine Plaintiff Burk's damages. Plaintiff Burk has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Burk for the deprivation of civil rights (proximately or legally) caused by the Defendant Officers. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence and no others:

1. Plaintiff Burk physical injuries;

2. The amount of money paid by Plaintiff Burk to treat his injuries;

3. Plaintiff Burk's emotional pain and mental anguish;

## SECTION 1983 AVOIDANCE OF DOUBLE RECOVERY

If you find that the Defendants violated more than one of Plaintiff Burk's rights, Plaintiffs are entitled to be compensated only for the injuries that the Plaintiffs actually suffered. Thus, if the Defendants violated more than one of Plaintiff Burk's rights, but the resulting injury was no greater than it would have been had the Defendants violated one of those rights, you should award an amount of compensatory damages no greater than you would award if a Defendant had violated only one of the Plaintiff's rights.

If the Defendant Officers violated more than one of Plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate Plaintiff Burk for the separate injuries Plaintiff Burk has suffered.[37]

---

[37] Authority: Hon. Edward J. Devitt, et al., Federal Jury Practice and Instructions (West) §165:73 – Avoidance of Double Recovery.

## ONE RECOVERY RULE

A party may bring an action and obtain judgment against more than one defendant for his damages. Irrespective of the number of defendants, a party may only receive full compensation once for the same injury.[38]

---

[38] Authority: 1 OJI CV 315.33 (2020).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using this Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Alexandra N. Pickerill
Alexandra N. Pickerill (0096758)