**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| James A. Burk, Jr., et al., | : | |
| | : | |
| **Plaintiffs,** | : | **Civil Action No. 2:20-cv-6256** |
| | : | |
| v. | : | **Judge Graham** |
| | : | |
| City of Columbus, et al., | : | **Magistrate Judge Vascura** |
| | : | |
| **Defendants.** | : | |

<u>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS,
INTERROGATORIES, AND VERDICT FORMS**</u>

Plaintiffs James Burk and Summer Hilfers submit the attached proposed jury instructions for the Court's consideration. Plaintiffs reserve the right to add to, modify, or remove instructions as the evidence would permit.

Respectfully submitted,

/s/ Barton R. Keyes
Rex H. Elliott          (0054054)
Barton R. Keyes      (0083979)
Abigail F. Chin        (0097928)
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (fax)
rexe@cooperelliott.com
bartk@cooperelliott.com
abbyc@cooperelliott.com

Attorneys for Plaintiffs
James Burk and Summer Hilfers

1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Plaintiffs' Proposed Jury Instructions was filed electronically and served electronically on the following counsel of record, this 29th day of October, 2024:

> Alexandra N. Pickerill, Esq.
> Sheena D. Rosenberg, Esq.
> Sarah N. Feldkamp, Esq.
> Assistant City Attorneys
> City of Columbus, Department of Law
> Zach Klein, City Attorney
> 77 North Front Street
> Columbus, Ohio 43215
> anpickerill@columbus.gov
> sdrosenberg@columbus.gov
> snfeldkamp@columbus.gov
>
> Attorneys for Defendants
>
> /s/ Barton R. Keyes

## <u>TABLE OF CONTENTS</u>

PRELIMINARY INSTRUCTIONS ................................................................................. 2

NATURE OF THE CASE ............................................................................................. 3

UNDISPUTED FACTS .................................................................................................. 4

PREPONDERANCE OF THE EVIDENCE ................................................................... 5

CREDIBILITY OF WITNESSES ................................................................................. 6

VIOLATION OF 42 U.S.C. 1983 ................................................................................. 8

        A.   Unlawful Detention                                             8

        B.   Unlawful Arrest                                             11

        C.   Excessive Force                                           13

BATTERY (OHIO LAW) ............................................................................................. 15

STATE LAW IMMUNITY AS TO BATTERY CLAIM ............................................. 16

DAMAGES .................................................................................................................... 18

FUTURE INJURY ....................................................................................................... 20

PERMANENT INJURY .............................................................................................. 22

PROXIMATE CAUSE ................................................................................................. 23

MITIGATION OF DAMAGES .................................................................................... 25

LOSS OF CONSORTIUM ........................................................................................... 27

## <u>PRELIMINARY INSTRUCTIONS</u>

[Note: Plaintiffs have proposed certain general instructions below, but recognizing the Court may have many of its own preferred preliminary instructions, Plaintiffs' counsel anticipates discussing whether the Court prefers to receive additional proposed general or preliminary instructions from the parties.]

## NATURE OF THE CASE

(Plaintiffs' Proposed Instruction No. 1)

Plaintiff James Burk is a former Special Agent with the United Sates Bureau of Alcohol, Tobacco, and Firearms. On July 7, 2020, as part of his duties, Mr. Burk went to a home in Dublin, Ohio to try to retrieve an illegally owned firearm from the residence. One of the occupants called 911 and the Columbus Police were dispatched to the home. Defendant Joseph Fihe, a Columbus Police Officer, arrived to find Mr. Burk waiting outside. Within six seconds of making verbal contact with Mr. Burk, Defendant Fihe pointed his gun at Mr. Burk and ordered him to get down on the ground. A second Officer, Defendant Kevin Winchell, arrived after Defendant Fihe and also drew his gun on Mr. Burk.

The parties dispute some issues that will be your job to decide. Mr. Burk contends that Defendants detained and arrested him unlawfully, and that the Defendants used excessive force in holding him at gunpoint, tazing him, cuffing his hands behind his back, and placing him into the back of a police car. Mr. Burk alleges that Defendants violated his rights under the United Stats Constitution and Ohio law, and that they caused him injury and damages in doing so. Mr. Burk's wife, Plaintiff Summer Hilfers, asserts that Defendants' actions toward her husband also caused her damage, a claim the law calls loss of consortium.

Defendants, Officers Fihe and Winchell, contend that their actions were reasonable under the circumstances, that it was proper to detain Mr. Burk, and that the force they used was reasonably necessary because they allege that Mr. Burk failed to follow lawful commands. Thus, Defendants contend they did not violate Mr. Burk's rights under the United States Constitution or Ohio law and that Ms. Hilfers has not suffered a loss of consortium. They also contend that their conduct did not cause the full extent of damages that the Plaintiffs are claiming.

## UNDISPUTED FACTS[1]

(Plaintiffs' Proposed Instruction No. 2)

The parties agree on the following facts, so you must accept them as proven true:

1.      On July 7, 2020, at around 2 PM, Officers Joseph Fihe and Kevin Winchell responded to a 911 call in Dublin, Ohio.

2.      On July 7, 2020, Officer Joseph Fihe was acting under color of law at the time of the incident.

3.      On July 7, 2020, Officer Kevin Winchell was acting under color of law at the time of the incident.

4.      James Burk was employed as a special agent with ATF and was on duty in this capacity at the time of the incident on July 7, 2020.

5.      James Burk experienced a right labral tear and biceps tendon tear as a result of his encounter with Columbus police on July 7, 2020.

6.      James Burk underwent arthroscopic distal clavicle excision for acromioclavicular (AC) joint osteoarthrosis and a biceps tenodesis for a traumatic superior labrum anterior and posterior (SLAP) tear on November 25, 2020 to treat his shoulder injuries.

7.      James Burk has certain limitations in mobility in his shoulder as a result of his shoulder injuries experienced on July 7, 2020. Those limitations are permanent.

8.      James Burk suffers from PTSD.

9.      On July 7, 2020, the weather temperature was a high of 97ºF and a low of 71ºF.

---

[1] Source: Final Pretrial Order, ECF No. 110, PageID ## 1842–43, Uncontroverted Facts Nos. 1–4, 8–12.

4

## PREPONDERANCE OF THE EVIDENCE[2]

(Plaintiffs' Proposed Instruction No. 3)

In a civil action like this on, Plaintiffs James Burk and Summer Hilfers have the burden to prove every essential element of their claims by a preponderance of the evidence. If the plaintiffs prove every essential element of one or more of their claims by a preponderance of the evidence, you must find for the plaintiffs as to that claim. If plaintiffs should fail to establish any essential element of one or more of their claims by a preponderance of the evidence, you must find for defendants as to that claim.

The defendants, Joseph Fihe and Kevin Winchell, have the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Stated differently, preponderance of the evidence simply means "more likely than not."

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[2] *See* 3 Fed. Jury Prac. & Instr. § 104:01 (6th Ed.) (West). For "more likely than not," *see Unted States v. Henderson*, No. 23-1143, 2024 U.S. App. LEXIS 3169, at *9 (6th Cir. Feb. 9, 2024); *Astor & Black Custom, LLC v. Schoen*, No. 2:12-cv-870, 2013 U.S. Dist. LEXIS 10707, at *3-4 (S.D. Ohio Jan. 2, 2013).

## <u>CREDIBILITY OF WITNESSES</u>[3]

(Plaintiffs' Proposed Instruction No. 4)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

---

[3] *See* 3 Fed. Jury Prac. & Instr. § 105:01 (6th Ed.) (West); *id.* § 105.13 (law enforcement officer).

6

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part. You must evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to the officer's testimony because the witness is a law enforcement officer.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## VIOLATION OF 42 U.S.C. 1983

(Plaintiffs' Proposed Instruction No. 5)

Mr. Burk claims that, while acting under color of law, Defendant Fihe and Defendant Winchell each violated Mr. Burk's rights under the Fourth Amendment of the United States Constitution. The Fourth Amendment protects against unreasonable searches and seizures, which includes unlawful detentions, unlawful arrests, and the use of excessive force while making an arrest, investigatory stop, or other type of seizure.

### A.      Unlawful Detention

Mr. Burk claims that, while acting under color of law, Defendant Fihe and Defendant Winchell each violated Mr. Burk's constitutional right not to be subjected to an unreasonable investigatory stop. Under the Fourth Amendment to the United States Constitution, every person has the right not to be subjected to unreasonable seizure, which includes unreasonable investigatory stops. To succeed on this claim, Mr. Burk must prove each of the following facts by a preponderance of the evidence:

1.      Defendant Fihe or Defendant Winchell subjected Mr. Burk to an unreasonable investigatory stop;

2.      Defendant Fihe or Defendant Winchell caused Mr. Burk injury; and,

3.      Defendants acted under color of law. The parties have agreed that Defendants acted under color of law, so you must accept that as a proven fact.

For the first element, you must decide whether Defendant Fihe or Defendant Winchell subjected Mr. Burk to an unreasonable investigatory stop. Mr. Burk may show that Defendant Fihe

8

or Defendant Winchell subjected Mr. Burk to an unreasonable investigatory stop if he proves either of the following:

> a)     Defendant Fihe or Defendant Winchell did not have a reasonable suspicion that Mr. Burk was involved in, or was about to be involved in, criminal activity at the time the officers made the stop; <u>or</u>
>
> b)     That the stop was not reasonable in scope and duration.[4]

A "reasonable suspicion" is a particularized and objective basis for suspecting an individual of criminal activity. Whether an officer has reasonable suspicion requires looking at the totality of the circumstances. When considering the totality of the circumstances, some pertinent circumstances you may consider the officer's own direct observations, dispatch information, directions from other officers, and the nature of the area and time of day during which the suspicious activity occurred.[5]

When a police officer has reasonable suspicion, they may briefly detain someone. An investigatory stop must be temporary and last no longer than necessary to effectuate the purpose of the stop.[6] And it must be limited to the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time.[7] Although the scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case, in no event may law enforcement officers seek to verify their suspicions by means that approach the conditions of arrest.[8]

---

[4] *United States v. Davis*, 430 F.3d 345, 354 (6th Cir. 2005); *Pelton v. Perdue*, 731 F. App'x 418, 423 (6th Cir. 2018)

[5] *Hoover v. Walsh*, 682 F.3d 481, 494 (6th Cir. 2012)

[6] *Florida v. Royer*, 460 U.S. 491, 500, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983).

[7] *United States v. Lopez-Arias*, 344 F.3d 623, 627 (6th Cir. 2003) (quoting *Royer*, 460 U.S. at 491).

[8] *Lopez-Arias*, 344 F.3d at 627 (quoting *Royer*, 460 U.S. at 500, 509).

For the second element, Defendant Fihe's or Defendant Winchell's conduct caused Mr. Burk injury if Mr. Burk would not have been injured without a defendant's conduct and the injuries were a reasonably foreseeable consequence of a defendant's conduct.

For the third element, the parties have agreed that Defendants acted under color of law, so you must accept that as a proven fact.

If you find that Mr. Burk has proved each of these things by a preponderance of the evidence as to either Defendant Fihe or Defendant Winchell, your verdict must be for Mr. Burk and against that defendant, and you should go on to consider the question of damages for unlawful detention. If, on the other hand, you find that Mr. Burk did not prove any one of these things by a preponderance of the evidence as to both Defendant Fihe or Defendant Winchell, then you must find for Defendants on this claim, and you will not consider the question of damages for unlawful detention.

**B.     Unlawful Arrest**

Mr. Burk claims that, while acting under color of law, Defendant Fihe and Defendant Winchell each violated Mr. Burk's constitutional right to be free from arrest without probable cause. Under the Fourth Amendment to the United States Constitution, every person has the right not to be arrested without probable cause. To succeed on this claim, Mr. Burk must prove each of the following facts by a preponderance of the evidence:

1.      Defendant Fihe or Defendant Winchell arrested Mr. Burk without probable cause;

2.      Defendant Fihe or Defendant Winchell caused Mr. Burk injury; and,

3.      Defendants acted under color of law. The parties have agreed that Defendants acted under color of law, so you must accept that as a proven fact.


For the first element, Mr. Burk claims that Defendant Fihe or Defendant Winchell arrested him without probable cause. If an investigatory stop rises to the level of a formal or informal arrest, it is unlawful if it is not supported by probable cause.[9]  Whether an investigatory stop turns into an arrest requires looking at the totality of the circumstances. When considering the totality of the circumstances, you may consider such factors as the passage of time, the use of weapons or bodily force, the use of restraints, putting the detainee in the back of a police vehicle, and the physical surroundings of the encounter.[10]


A law enforcement officer may not arrest an individual except after establishing probable cause that the individual has committed, or is about to commit, a crime. Probable cause is defined

---

[9] *United States v. Lopez-Medina*, 461 F.3d 724, 739 (6th Cir. 2006) (citing *Dunaway v. New York*, 442 U.S. 200, 212–14, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979)).

[10] *United States v. Richardson*, 949 F.2d 851, 857 (6th Cir. 1991), *United States v. Butler*, 223 F.3d 368, 372-73 (6th Cir. 2000).

by asking whether, at that moment the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the plaintiff had committed or was committing an offense. Probable cause is assessed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[11]

For the second element, Defendant Fihe's or Defendant Winchell's conduct caused Mr. Burk injury if Mr. Burk would not have been injured without a defendant's conduct and the injuries were a reasonably foreseeable consequence of a defendant's conduct.

For the third element, the parties have agreed that Defendants acted under color of law, so you must accept that as a proven fact.

If you find that Mr. Burk has proved each of these things by a preponderance of the evidence as to either Defendant Fihe or Defendant Winchell, your verdict must be for Mr. Burk and against that defendant, and you should go on to consider the question of damages. If, on the other hand, you find that Mr. Burk did not prove any one of these things by a preponderance of the evidence as to both Defendant Fihe and Defendant Winchell, then you must find for Defendants on this claim, and you will not consider the question of damages for unlawful arrest.

---

[11] *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007)

### C.    Excessive Force

Mr. Burk claims that, while acting under color of law, Defendant Fihe and Defendant Winchell each violated Mr. Burk's constitutional right to be free from the use of excessive or unreasonable force. To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1.    Defendant Fihe and/or Defendant Winchell used unreasonable force against Plaintiff;

2.    Because of Defendant Fihe and/or Defendant Winchell unreasonable force, Plaintiff was harmed.

3.    Defendants acted under color of law. The parties have agreed that Defendants acted under color of law, so you must accept that as a proven fact.

For the first element, you must decide whether Defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Fihe or Defendant Winchell faced. You must make this decision based on what each officer knew at the time of the use of force, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant Fihe's or Defendant Winchell's intentions were good or bad. In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Some of the things you may want to consider when determining whether each Defendants' use of force was unreasonable include the severity of the crime at issue, whether Mr. Burk posed an immediate threat to the safety of the officers or others, Mr. Burk's actions in terms of resistance

13

or flight, and whether the Defendants notified Mr. Burk he was under arrest.[12] These factors are not exhaustive, and you should consider whether the use of force was unreasonable under the totality of the circumstances.

For the second element, Defendant Fihe's or Defendant Winchell's conduct caused Mr. Burk injury if Mr. Burk would not have been injured without that defendant's conduct and the injuries were a reasonably foreseeable consequence of that defendant's conduct.

For the third element, the parties have agreed that Defendants acted under color of law, so you must accept that as a proven fact.

If you find that Mr. Burk has proved each of these things by a preponderance of the evidence as to either Defendant Fihe or Defendant Winchell, your verdict must be for Mr. Burk and against that defendant, and you should go on to consider the question of damages. If, on the other hand, you find that Mr. Burk did not prove any one of these things by a preponderance of the evidence for both Defendant Fihe and Defendant Winchell, then you should find for Defendant on this claim, and you will not consider the question of damages for excessive force.

---

[12] *Kent v. Oakland Cnty.*, 810 F.3d 384, 396–97 (6th Cir. 2016); *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)

## **BATTERY (OHIO LAW)**

(Plaintiffs' Proposed Instruction No. 6)

Mr. Burk claims that the Defendants Fihe and Winchell committed a battery against him. Mr. Burk must prove that Defendant Fihe or Defendant Winchell intentionally made a harmful or offensive contact with Mr. Burk, without the authority or consent to do so, and that the defendant's conduct proximately caused injury to Mr. Burk.[13]

Officers are privileged to commit battery when making a lawful arrest, but the privilege is negated by the use of excessive force.[14]

If you find that either Defendant Fihe or Defendant Winchell committed a battery against Mr. Burk and that the battery caused injury, you will proceed to determine whether either Defendant has state law immunity for the battery he committed.

---

[13] OJI Civ. 429.03.
[14] *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313 (Ohio App. 4th Dist. 1999).

## STATE LAW IMMUNITY AS TO BATTERY CLAIM

(Plaintiffs' Proposed Instruction No. 7)

If you find for Mr. Burk on his battery claim as to either Defendant Fihe or Defendant Winchell, then you must also determine whether the Defendant acted with malicious purpose or in a wanton or reckless manner.

For the first element, you must decide whether Defendants' acted with malicious purpose, or in a wanton or reckless manner. "Malicious purpose" means the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously through unlawful or unjustified conduct. "Wanton misconduct" means the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is a great probability that harm will result. "Reckless conduct" means conduct characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct. Reckless conduct includes intentional conduct.[15]

You must also determine whether the Defendant was acting within the scope of his employment with the City of Columbus. The parties have agreed that both Defendants were acting within the scope of their employment, so you must accept that as a proven fact.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to either Defendant Fihe or Defendant Winchell, your verdict must be for Mr. Burk and against that defendant, and you should go on to consider the question of damages. If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence as

---

[15] 1 OJI CV 425.11; *Anderson v. City of Massillon*, 2012-Ohio-5711, ¶¶ 33–35, 134 Ohio St. 3d 380, 388, 983 N.E.2d 266, 273.

16

to both Defendant Fihe or Defendant Winchell, then you should find for Defendants on this claim, and you will not consider the question of damages for malicious, wanton, or reckless misconduct.

## DAMAGES[16]

(Plaintiffs' Proposed Instruction No. 8)

If you find for Mr. Burk on any of his claims, you must decide by the preponderance of the evidence an amount of money that will reasonably compensate Mr. Burk for the actual injury that was proximately caused by Defendant Fihe or Defendant Winchell's conduct.

In deciding this amount, you will consider Mr. Burk's "economic loss" and "noneconomic loss," if any, proximately caused by Mr. Burk's actual loss.

"Economic loss" means any of the following types of financial harm:

 i. All wages, salaries, or other compensation lost as a result of Mr. Burk's injury;

 ii. All expenditures for medical care or treatment, rehabilitation services, or other care, treatment, services, products, or accommodations incurred as a result of Mr. Burk's injury; and,

 iii. Any other expenditure incurred as a result of Mr. Burk's injury other than attorney's fees incurred by the plaintiff.

"Noneconomic loss" means harm other than economic loss that results from of Mr. Burk's injury. "Noneconomic loss" included, but is not limited to the following:

 1. Pain and suffering;

 2. Loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education;

 3. Disfigurement;

---

[16] 1 OJI CV 315.01; *Ellison v. Balinski*, 625 F.3d 953, 959 (6th Cir. 2010).

4. Mental anguish;

5. Embarrassment;

6. Humiliation;

7. Loss of reputation;

8. Loss of dignity;

9. Intangible injury to constitutional interests; and

10. Any other intangible loss.

In deciding an award for "noneconomic loss," you should not consider evidence of the defendants' alleged wrongdoing, misconduct, or guilt; evidence of the defendants' wealth or financial resources; and all other evidence that is offered for the purpose of punishing the defendant, rather than offered for a compensatory purpose.

In deciding the reasonable value of medical, hospital, or other related care, treatment, services, products, or accommodations, you shall consider all of the evidence submitted. Both the original bill and the amount accepted as full payment may be considered along with all other evidence to decide the reasonable value.

In deciding damages, you must not consider whether either party had insurance. Any assumption that either party had or did not have insurance or other benefits is not relevant and may be wrong. You must not add to or subtract from any award based upon any assumption regarding insurance or other benefits. You must resolve all issues presented to you only on the evidence admitted and the law in these instructions.

## LOST WAGES[17]

(Plaintiffs' Proposed Instruction No. 9)

If you find Mr. Burk is entitled to an award of damages in this case for loss of wages or future earning capacity, you should determine the actual or net amount Mr. Burk has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes, and you should award Mr. Burk only what Mr. Burk actually has lost or will lose, that is, Mr. Burk's earnings less any such tax that would be due on them.

In consideration of such loss and to the extent there is evidence concerning such, you may take into consideration the following factors:

1. The number of years Mr. Burk may be expected to live and work.

2. Mr. Burk's wages and fringe benefits,

3. Mr. Burk's likely wage increases due to promotions, seniority or experience raises, merit raises.

4. The effect of inflation or deflation on Mr. Burk's future wages.


Since money can earn interest, an amount to cover a future loss of earnings is more valuable to Mr. Burk if received today than if the same amount is received in the future. Therefore, if you decide to award Mr. Burk an amount for future loss of earning capacity, it must be discounted to present value by a factor equal to an after tax rate of return on a risk free investment according to accepted economic principles. Although you are not bound to accept the conclusions or opinions of the economists who testified during the trial, their testimony on discount was based on acceptable economic principles.

---

[17] *See* 3 Fed. Jury Prac. & Instr. § 128:23 (6th Ed.) (West).

**FUTURE INJURY**

(Plaintiffs' Proposed Instruction No. 10)

Mr. Burk claims that his loss will continue into the future. As to such claim, no compensation or damages may be found except that which is reasonably certain to exist as a proximate result of the injury. In deciding the amount of future loss you should follow the definitions of economic loss and non-economic loss that I have previously given to you. [18]

---

[18] 1 OJI CV 315.01

## **PERMANENT INJURY**

(Plaintiffs' Proposed Instruction No. 11)

Mr. Burk claims that his injury is permanent. As to such claim, no compensation or damages may be found except that which is a proximate result of the injury. In deciding the amount of damages, if any, you should follow the definitions of economic loss and non-economic loss that I have previously given to you. The parties agree that Mr. Burk's shoulder injury is permanent, so you should accept that as a proven fact.[19]

---

[19] 1 OJI CV 315.01

## PROXIMATE CAUSE[20]

(Plaintiffs' Proposed Instruction No. 12)

A party who seeks to recover for damages must prove that Defendants' conduct was a proximate cause of the damages. "Proximate cause" is an act or failure to act that in the natural and continuous sequence directly produced the damages and without which the damages would not have occurred.

There may be more than one proximate cause of the damage. When the act or failure to act of one person joins the act of another person to produce the injury, the act of each is a proximate cause. It is not necessary that the act of each person occur at the same time or that there be a common purpose or action.

---

[20] 1 OJI CV 405.01

# <u>PREEXISTING CONDITIONS[21]</u>

(Plaintiffs' Proposed Instruction No. 13)

Every plaintiff brings with him certain infirmities. A defendant is fully liable for any damages resulting from a wrongful act, even if the plaintiff had a preexisting condition that made the consequences of the wrongful act more severe for him than they would have been for a person without the condition. A defendant takes the plaintiff as he finds him, and a defendant cannot escape or reduce liability because a plaintiff's preexisting condition made the plaintiff more susceptible of injury from defendants' conduct.

---

[21] *See Ambrose v. USAA Gen. Indem. Co.*, 2022-Ohio-2629, ¶ 75 (11th Dist.) (citing *Meyers v. Wal-Mart Stores, E., Inc.*, 257 F.3d 625, 632 (6th Cir.2001); *Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 275-276 (1st Cir.2000); Jordan v. Atchison, Topeka & Santa Fe Ry. Co., 934 F.2d 225, 228-229 (9th Cir.1991); *Binns v. Fredendall*, 32 Ohio St.3d 244, 246, 513 N.E.2d 278 (1987)).

## MITIGATION OF DAMAGES[22]

(Plaintiffs' Proposed Instruction No. 14)

Defendants Fihe and Winchell claim that, if they are liable under the law, Mr. Burk failed to mitigate his damages. It is the Defendants' burden to prove that Mr. Burk failed to mitigate his damages by a preponderance of the evidence.[23] To succeed on this defense, Defendants must prove by a preponderance of the evidence the following:

1. Mr. Burk had a reasonable opportunity to reduce or minimize the loss or damage; and

2. Mr. Burk failed to take advantage of that reasonable opportunity.


Whether a reasonable opportunity exists is based on the circumstances. Mr. Burk is not required to take measures that would involve undue risk, burden, or humiliation. When considering failure to mitigate lost wages, you should consider the individual characteristics of the plaintiff and the job market. When considering failure to mitigate lost wages, Defendants must show that substantially equivalent positions were available to Mr. Burk and that Mr. Burk did not use reasonable diligence to seek them out. A "substantially equivalent" position is a position with virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. A plaintiff is not required to accept inferior employment when mitigating damages.[24]

---

[22] Dependent on outcome of substantially equivalent MIL

[23] *Taylor v. Invacare Corp.*, 64 F. App'x 516, 523 (6th Cir. 2003). *White v. Honda of Am. Mfg., Inc.,* 191 F. Supp. 2d 933, 952 (S.D. Ohio 2002).

[24] Rasimas v. Mich. Dep't of Mental Health, 714 F.2d 614, 624 (6th Cir. 1983); Hoback v. City of Chattanooga, No. 1:10-CV-74, 2012 U.S. Dist. LEXIS 124794, at *36 (E.D. Tenn. Sep. 4, 2012).

If you find that Defendant Fihe or Defendant Winchell have proved by a preponderance of the evidence that Mr. Burk did not take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of Mr. Burk's damages by the amount that he could have reasonably received if he had taken advantage of such an opportunity.

## <u>LOSS OF CONSORTIUM</u>

(Plaintiffs' Proposed Instruction No. 15)

If you find for Mr. Burk, you may award an amount that will reasonably compensate his wife, Ms. Summer Hilfer's for damages that you find resulted from or will result from a loss of consortium. Consortium includes services, society, companionship, comfort, sexual relations, love, and solace.[25]

---

[25] OJI CV 315.03; *Gross v. City of Dearborn Heights*, 625 Fed. Appx. 747, 754 (6th Cir. 2015).

## PUNITIVE DAMAGES[26]

(Plaintiffs' Proposed Instruction No. 16)

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence Mr. Burk is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of Defendant Fihe or Defendant Winchell proximately causing actual injury or damage to Mr. Burk was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you must unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member. An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person. An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a

---

[26] *See* 3 Fed. Jury Prac. & Instr. § 128:81 (6th Ed.) (West).

28

preponderance of the evidence in the case, that Defendants' act or omission, which proximately caused actual damage to Mr. Burk, was maliciously or wantonly or oppressively done.

You should always bear in mind such extraordinary damages may be allowed only if you should first unanimously award plaintiff a verdict for actual or compensatory damages. You should also bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use it to punish a defendant for injury the defendant may have inflicted upon nonparties or those whom they directly represent.