**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES A. BURK, JR., et al., | |
| Plaintiffs, | Case No. 2:20-cv-6256 |
| v. | Judge James L. Graham |
| CITY OF COLUMBUS, et al., | Magistrate Judge Chelsey M. Vascura |
| Defendants. | |

**DEFENDANTS' BRIEF**

Pursuant to the Notice (ECF No. 116), a telephone conference was held before Judge Graham on Thursday, October 24, 2024. During the call, the parties discussed the unique circumstances of the case: both plaintiff and defendants are law enforcement officers ("LEO"). All parties agreed that, to date, they have not identified a case involving a claim of excessive force with members of law enforcement on both sides. Judge Graham correctly stated that, as members of law enforcement, both Plaintiff and Defendants would be governed by the same law enforcement standards. Judge Graham asked if there was any dispute that Defendants Joseph Fihe and Kevin Winchell were the officers in control of the scene. Defendants argued that there is no dispute, and as the officers in control of the scene, it was reasonable for them to expect Burk to follow the standard law enforcement principles. Plaintiff stated that that particular issue had not been briefed. Judge Graham allowed the parties five days to submit briefs on this issue. Defendants' memorandum in support is attached.

Respectfully submitted,

/s/ Sheena D. Rosenberg
Alexandra N. Pickerill (0096758) – Lead
Sheena D. Rosenberg (0088137)
Sarah N. Feldkamp (0099464)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
Phone: (614) 645-7385 / Fax: (614) 645-6949
anpickerill@columbus.gov
sdrosenberg@columbus.gov
snfeldkamp@columbus.gov

*Counsel for Defendants Joseph Fihe and Kevin Winchell*

## MEMORANDUM IN SUPPORT

**I. IT IS UNDISPUTED THAT IT WAS REASONABLE FOR DEFENDANT OFFICERS TO EXPECT PLAINTIFF BURK TO FOLLOW THEIR LAWFUL ORDERS**

All police practices experts agree that federal law enforcement officers should comply with the orders of a uniformed police officer. See Vehr Expert Report ECF No. 56-2 #917; Leighton Expert Report Doc. 51-3 #163-168. During his deposition, Scott Defoe, plaintiff's police practices expert, confirmed that uniform law enforcement officers are the controlling presence:

> Q. Are federal law enforcement officers trained to comply with orders from local law enforcement?
> A. They are trained or should be trained, yes.
> Q. Okay. Is there any training given to federal law enforcement officers on who is the controlling presence when uniformed law enforcement shows up?
> A. My understanding is the controlling presence is going to be the uniformed law enforcement officer, if there's a -- if the reason for the call is predicated on a situation like this, yes.
> Q. Okay. And that's how Mr. Burk either was trained or should have been trained?
> A. Correct.
>     DEFOE DEP. ECF. No. 53-1#435-36.

The training materials that were in Burk's personnel file with ATF corroborate this opinion. Those training materials specifically advise, "responding locals – follow their commands; they likely don't have all the information you gave dispatch." Plaintiff Burk was trained to follow the commands of local uniformed police officers while operating as an ATF agent. *See* ATF Training Scenarios D. Ex. N.

Additionally, an internal investigation into Plaintiff's conduct on July 7, 2020, found that he engaged in conduct unbecoming a special agent when he 1) did not have any LEO badge or credentials visible to identify himself as a LEO, despite his awareness that local law enforcement was called to the scene, and when addressed by a police officer, Burk stated, "I'm a Federal

Fucking Agent."; 2) in not complying with an officers initial lawful command for Burk to get on the ground, and in refusing to comply until a second officer arrived on scene"; 3) Burk exhibited uncooperative behavior when police officers attempted to put Burk in handcuffs, which caused a police officer to use a Taser to subdue Burk." Defendant Ex. T. The investigation noted that Burk's misconduct occurred during the performance of his duties as an ATF Special Agent. The Professional Review Board noted that "much of your misconduct was intentional, repeated, and created an unnecessary risk of harm to yourself and the responding officer." *Id*. At no time does the investigation indicate that Burk was not required to follow the lawful orders of Defendant Officers.

Plaintiff has never argued that Plaintiff Burk was in charge of the scene. Nor has Plaintiff argued that Burk was not required to follow the lawful orders of Defendant Officers. Instead, plaintiff questions the tactics that the Defendant Officers used to investigate whether Burk was a law enforcement officer. See Plnf Memo in Opp. Def MSJ. ECF No. 60 #1486-1490. However, the fact that other techniques may have been available to a police officer does not require a finding of excessive force, so long as the police officer acted within a range of conduct which the jury determines to be reasonable. *Dickerson v. McClellan*, 101 F.3d 1151, 1160 (6th Cir. 1996).

Plaintiff's police practices expert, Scott Defoe's, opinion regarding the Defendant officer's tactics upon initial arrival is irrelevant and inadmissible. See Defoe Expert Report. ECF No. 108-2 #1812-13. Instead, the jury must consider the officer's reasonableness under the circumstances he faced at the time he decided to use force. See *Livermore ex rel. Rohm*, 476 F.3d at 406 (describing the so-called "segmented analysis" this circuit uses to analyze use-of-force claims). Courts may not scrutinize whether it was reasonable for an officer "to create the circumstances." *Id*. Even a reckless approach to the scene will not necessarily render a later use-of-force decision

2

unreasonable. See *Chappell v. City of Cleveland*, 585 F.3d 901,915-16; *Thomas v. City of Columbus*, 854 F.3d 361, 365 (6th Cir. 2017).

Plaintiff cites to *Lallemand v. Cnty of Los Angeles,* 2019 U.S. Dist. LEXIS 231548 and *Ngo v. Storlie*, 495 F.3d 597, for the proposition that Burk's excessive force claim should be analyzed under the Fourth Amendment objective reasonableness standard. Plnf Bench Brief ECF 132 #3849-3853. To be clear, Defendants have never argued that a different standard applied to Mr. Burk because he is a LEO. Instead, Defendants have argued it was objectively reasonable for the Defendant officers to expect a fellow LEO to follow their lawful orders. None of the cases cited by Plaintiff directly address the question of whether responding officers are in charge of the scene. Other than both Plaintiff and Defendant being LEO *Ngo v. Storlie* has no similarities to this case: 1) It involves the use of deadly force; 2) Plaintiff calls local law enforcement to report he is in the area working in plain clothes; 3) Plaintiff himself calls 911 to report an officer in trouble after being shot; 4) Plaintiff did not match the description of the suspect; 5) Plaintiff was not armed and did not resist arrest; and 6) Defendant officer did not give any commands prior to shooting the Plaintiff. In *Lallemand v. Cnty of Los Angeles*, the court found that the Deputy Defendant's use of force objectively reasonable. The court noted that the Plaintiff was carrying a visible firearm at the time the deputy placed him in a control hold. "Until the weapon was out of Plaintiff's control, the threat to the responding officer was significant, and securing that weapon, and searching for others, was warranted." *Lallemand v. Cnty of Los Angeles* No. LA CV17-00781 JAK (SS), 2019 U.S. Dist. LEXIS 231548*42 (C.D. Cal. Feb. 5, 2019) (Citing *Terry*, 392 U.S. at 27). The fact that it was reasonable for responding deputy to secure Plaintiff's weapon would support the notion that the responding officer(s) have control of the scene. Additionally, plaintiff attempts to resist or evade arrest justified the continued use of force. *Id*. at *43. Unlike the facts of this

3

case, Plaintiff has lanyard around his neck that contained his police identification card. In addition, there are no allegations that plaintiff refused to follow the responding officers commands. Of note, the defendant officers are surprised by plaintiff's attitude when they detain him to investigate his claim of being law enforcement officer. The court also indicated "a detention was likely reasonable, with Plaintiff's appearance and conduct warranting an initial detention and patdown, sufficient to take any weapons while determining his identify and whether he lawfully possessed the firearm." *Id*. At 31. It is also significant that the cases cited by plaintiff are analyzed under the summary judgment standard. The court cannot make credibility determinations or weigh conflicting evidence. The cases do not address what evidence is relevant for the jury to consider. In this case, the Defendant officers responded to a burglary in progress that was reported in a 911 call. Plaintiff Burk never called Columbus Police, nor Columbus ATF, to ask for assistance or to let them know he was in the area. Plaintiff Burk was armed. The Defendant officers had no knowledge of the enforcement action that Plaintiff Burk was attempting to carry out. Nor did Plaintiff Burk explain why he was at the scene. Burk did not have any visible law enforcement markings and Burk refused to follow commands and resisted his detention.

**II.     CONCLUSION**

For the reasons stated above, the evidence in the record supports a finding that Defendant officers were in charge of the scene and therefore it was reasonable for them to expect Plaintiff to follow national police practice standards.

Respectfully submitted,

/s/ Sheena D. Rosenberg
Alexandra N. Pickerill (0096758) – Lead
Sheena D. Rosenberg (0088137)
Sarah N. Feldkamp (0099464)
Assistant City Attorneys

4

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
Phone: (614) 645-7385 / Fax: (614) 645-6949
anpickerill@columbus.gov
sdrosenberg@columbus.gov
snfeldkamp@columbus.gov

*Counsel for Defendants Joseph Fihe and Kevin Winchell*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using this Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Sheena D. Rosenberg
Sheena D. Rosenberg (0088137)