IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| James A. Burk, et al., | : | |
| | : | Case No. 2:20-cv-06256 |
| Plaintiffs, | : | |
| v. | : | Judge Graham |
| | : | |
| City of Columbus, et al., | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court for consideration of the parties' motions in limine, insofar as they will have an effect on the first stage of the trial on the issue of liability.

Specific Instances of Conduct by Burk at a Kroger Store.

Plaintiffs seek to exclude evidence of four instances in which Burk, while employed as an ATF agent, entered a Kroger grocery store, swapped UPC price labels on bottles of wine, and purchased high-end wine for a substantially lower cost at a self-scan checkout station. The incidents occurred in August 2015. In three instances, Burk put the UPC code of a $4.99 bottle on a bottle of wine that cost $62.99. In the fourth instance, he put the UPC code of a $4.99 bottle on a bottle that cost $33.99. *See* ECF No. 57-2.

The incidents resulted in an internal ATF investigation and Burk was suspended for 30 days for conduct unbecoming of a special agent. *See id*. Local law enforcement officials investigated the matter and Burk was charged with a misdemeanor, but the charges were ultimately dropped and Burk was not convicted of a crime. Burk does not deny that he engaged in the conduct.

Federal Rule of Evidence 608(b) relates to the use of a witness's prior conduct for impeachment purposes. It provides:

> **Specific Instances of Conduct**. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness . . . .

Fed. R. Evid. 608(b)(1).

Borrowing from the jurisprudence concerning Rule 609 (impeachment by evidence of a criminal conviction), courts have held that conduct amounting to theft alone generally does not tend to bear on a witness's character for truthfulness. *See, e.g.*, *Abundes v. Athens Food Servs., LLC*, No. 3:14 C 01278, 2017 WL 6513105, at *3 (M.D. Tenn. Mar. 22, 2017) (citing *United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012) (stating that even "theft and related crimes do not ordinarily amount to crimes of dishonesty"). That is because the crime of theft itself is considered to involve "'a lack of respect for the persons or property of others,'" and does not require an element of deceit. *Washington*, 702 F.3d at 893 (6th Cir. 2012) (quoting *United States v. Yeo*, 739 F.2d 385, 387 (8th Cir. 1984)). However, context is key, and the court may consider if the witness's particular conduct in committing a theft involved deceit or dishonesty. *See id*. at 893–94.

The Court finds that Burk's conduct involved deceit. Importantly, on four separate occasions he intentionally placed the UPC label of an inexpensive bottle of wine onto the bottle of a much more expensive wine bottle. This conduct was designed to deceive the store's price scanner about the cost of the wine being purchased. Moreover, Burk chose to self-scan the purchases, thereby avoiding the human interaction of a store checkout clerk who might detect Burk's label deceit either visually or by feel of the hand.

Because Burk's conduct in these four specific instances involved deceit and dishonesty, the Court finds that the conduct is probative of Burk's character for truthfulness or untruthfulness under Rule 608(b). *Compare with Jones v. Sandusky Cnty., Ohio*, 652 Fed. App'x 348, 355–56

(6th Cir. 2016) (under Rule 608(b), excluding evidence of officer's past conduct unbecoming an officer where it involved insubordination, a physical altercation, and stalking of a former girlfriend because the conduct only "marginally" touched upon his character for truthfulness).

The Court is mindful that cross-examination regarding specific instances of conduct could raise concerns of prejudice and distraction. *See Abundes*, 2017 WL 6513105, at *3 (recognizing that cross-examination under Rule 608(b) cannot become "collateral mini-trials"). In this case, however, defendants would be the ones prejudiced if not allowed to challenge Burk's character for truthfulness. The jury will likely extend to Burk, as a federal law enforcement agent, some measure of trust and credibility that they would expect should be attached to someone occupying a position of high public trust. Defendants should be allowed an opportunity to challenge his truthfulness and attempt to persuade the jury as to how his credibility should be evaluated.

On a final note, Rule 608(b) contains a prohibition on the use of extrinsic evidence. *See United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020) (observing that "Rule 608(b) by its terms prohibits the use of extrinsic evidence"). At trial, defendants may cross-examine Burk about the specific instances of conduct, and they may ask about extrinsic documents during cross-examination and show them to the witness. *Id*. They cannot, however publish extrinsic documents to the jury. *Id*. ("[A]lthough the Government may have been permitted to show Craig the video and question him about it, Rule 608(b) did not authorize playing the video to the jury.").

Accordingly, the Court denies plaintiffs' motion in limine as it relates to the August 2015 incidents at Kroger.

<u>Testimony of Keith Leighton</u>.

Plaintiffs seek to exclude the opinion testimony of Defendants' expert Keith Leighton. Mr. Leighton's testimony is anticipated to concern standard law enforcement practices and procedures, particularly with regard to encounters between uniformed and non-uniformed law enforcement officers in the field. Plaintiffs object that Mr. Leighton's testimony would offer "opinions about Burk's conduct assessed against purported standards of care for a federal law enforcement officer," which would in turn "improperly interject issues of comparative negligence into an excessive force analysis." ECF No. 121, 7.

The Court will reserve ruling on the admissibility of Mr. Leighton's testimony until trial.

**IT IS SO ORDERED.**

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: November 1, 2024