IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| James A. Burk, et al., | : |
| | : Case No. 2:20-cv-06256 |
| Plaintiffs, | : |
| v. | : Judge Graham |
| | : |
| City of Columbus, et al., | : Magistrate Judge Vascura |
| | : |
| Defendants. | : |

## Nationally Accepted Principles of Law Enforcement regarding Command and Control between Uniformed and Non-uniformed Officers at the Scene of a Suspected Crime

This important issue was not specifically addressed by the Court in the summary judgment proceedings, and the Court has only recently become aware of accepted principles and practices which are relevant to the assessment of the risk presented to the Defendant Officers and the admissibility of certain opinions expressed by Plaintiffs' expert witness, Scott DeFoe.

Based on the evidence now, in the record of this case, the Court believes that under accepted principles and practices of law enforcement officers ("LEOs"), the Defendant Officers were in command and control of the scene upon arrival and that Plaintiff Burk was fully aware of that through his own training and knowledge. Burk's training and knowledge should have directed him to treat the Defendant Officers with respect and follow their commands, and the Defendant Officers were entitled to expect him to do so if he was, in fact, a federal law enforcement agent. His failure to do so could reasonably cause them to doubt his claim that he was a federal agent and influence their decision about the extent of the threat of danger he might represent to their safety.

These principles of law enforcement are supported by the reports of both of the Defendants' use of force experts and by the Plaintiffs' own use of force expert, Scott DeFoe. *See* ECF No. 53-

1

1, 79:17-22; *Id.* at 98-99; *Id.* at 138:10-20. These principles are discussed in great detail in the ATF records of Burk's termination proceedings, which discuss the standards of federal law enforcement which apply to non-uniformed officers when they encounter uniformed state officers in the field:

> "[Y]ou failed to have any [LEO] badge or credentials visible to identify yourself as a LEO."
>
> …
>
> "As a LEO, you occupy a position of trust and responsibility and as such, you are held to a higher standard of conduct than non-law enforcement officers." *Id.* at 8.
>
> …
>
> "Based on your experience as an ATF Special Agent, you are aware of professional norms and courtesies within the LEO profession… as such, you knew that uniformed officers… who responded to the residence were in control of the scene and you should have cooperated [with them]."

*See* ECF No. 57-6, 6

Plaintiffs' expert DeFoe correctly describes these standards of command and control, but he incorrectly applies a use of force analysis to the orders issued by the uniformed officers, which would permit the non-uniformed officer to second-guess the "reasonableness" of the orders "under the totality of the circumstances." This is the standard for the use of force in achieving compliance with orders, but it has no application to the issuance of such orders. Permitting this would amount to permitting resisting arrest if the subject feels the arrest is not reasonable "under the totality of the circumstances." The uniform officers are entitled to issue orders, but the non-uniformed officer is obligated to follow those orders. If he refuses, then the officers are limited to the use of force as is reasonable in the circumstances to achieve compliance.

In its preliminary instructions to the jury, the Court will include instructions on this issue and explain how it is relevant to the uniformed Officers' assessment of the danger Plaintiff Burk may have presented to them.

**IT IS SO ORDERED.**

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: November 1, 2024