IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **James A. Burk, Jr., et al.,** | : | |
| Plaintiffs, | : | Civil Action No. 2:20-cv-6256 |
| v. | : | Judge Graham |
| **City of Columbus, et al.,** | : | Magistrate Judge Vascura |
| Defendants. | : | |

## PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF SARAH AL-MALIKI AND THE RECORDING OF HER 911 CALL

Plaintiffs respectfully request that the Court preclude all testimony of Sarah Al-Maliki at trial.[1] Whether force is excessive requires the jury to consider what each officer perceived at the time of the use of force. During trial on November 5, the Court made evidentiary rulings precluding Plaintiffs' expert Scott Defoe from testifying about the reasonableness of Mr. Burk's concerns about the potential threat behind the closed door of the house. The Court reasoned that that what was happening behind the closed door of the house is not relevant to the objective reasonableness of the Defendant Officers' uses of force unless the Defendant Officers' knew of it. The same rationale applies to Ms. Al-Maliki's 911 call.  In this case, neither Defendant Fihe nor Defendant Winchell spoke with Ms. Al-Maliki before the use of force. Before Defendants arrived on scene, they received all their information only from dispatch through the radio or the display screens in their vehicles. (Joint Exhibits VI and VIII.) And, the respective Officers' body worn camera (Joint Exhibits I and II) shows that neither Defendant spoke with Ms. Al-Maliki before their uses of force. Accordingly, any testimony Ms. Al-Maliki can provide about her perceptions is not relevant

---

[1] Defendants intend to play Ms. Al-Maliki's pre-recorded testimony at trial. (*See* ECF No. 147.)


to what information the Defendant Officers perceived either before or upon their arrival at the home or when they encountered Mr. Burk.

Additionally, because of this, Plaintiffs object to the admissibility of Joint Exhibit VII, the audio recording of Ms. Al-Maliki's 911 call. Although Plaintiffs initially consented to the inclusion of the call as a joint exhibit, the in-trial developments discussed above have revealed that this exhibit has no relevance to the matters at issue. The only information Defendants had regarding the call came from the Officers' in-car displays (Joint Ex. VIII) and the information radioed from dispatch (Joint Ex. VI). Based on the Court's evidentiary rulings during trial, because the Defendant Officers had no knowledge of the content of Ms. Al-Maliki's call before the use-of-force, this exhibit is irrelevant. Fed. R. Evid. 401. Accordingly, Plaintiffs request leave to withdraw consent to the admission of Joint Ex. VII and move to exclude it. Plaintiffs do not contest authenticity of the exhibit, so if Defendants still believe some evidentiary basis exists for its admission despite the Court's evidentiary rulings, allowing Plaintiffs to withdraw their consent to admissibility will not prejudice Defendants from making those arguments.

Respectfully submitted,

/s/ Barton R. Keyes
Rex H. Elliott          (0054054)
Barton R. Keyes         (0083979)
Abigail F. Chin         (0097928)
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (fax)
rexe@cooperelliott.com
bartk@cooperelliott.com
abbyc@cooperelliott.com

Attorneys for Plaintiffs
James Burk and Summer Hilfers

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed electronically and served electronically on the following counsel of record, this 5th day of November, 2024:

>Alexandra N. Pickerill, Esq.
>Sheena D. Rosenberg, Esq.
>Sarah N. Feldkamp, Esq.
>Assistant City Attorneys
>City of Columbus, Department of Law
>Zach Klein, City Attorney
>77 North Front Street
>Columbus, Ohio 43215
>anpickerill@columbus.gov
>sdrosenberg@columbus.gov
>snfeldkamp@columbus.gov
>
>Attorneys for Defendants

/s/ Barton R. Keyes