IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **James A. Burk, Jr., et al.,** | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:20-cv-6256 |
| | : | |
| v. | : | Judge Graham |
| | : | |
| **City of Columbus, et al.,** | : | Magistrate Judge Vascura |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' BENCH BRIEF IN RESPONSE TO DEFENDANTS' ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING SHOULDER INJURIES**

During oral arguments on Defendants' partial motion for judgment as a matter of law as to Mr. Burk's right shoulder injuries, the Court agreed to accept a short bench brief on the evidence necessary for the jury to consider the nature and extent of injuries to Mr. Burk's right shoulder. The relevant question for the jury is whether Officer Fihe's excessive force in placing Mr. Burk into the police cruiser *a* proximate cause contributing to Mr. Burk's shoulder injuries. Mr. Burk need not prove that it was the *only* proximate cause. *See Hickerson v. Koepp*, Nos. 95-1890, 95-1982, 1997 U.S. App. LEXIS 2489, *11 (6th Cir. Feb. 10, 1997) ("An action need not be the sole cause of an injury to be the proximate cause, for there can be more than one proximate cause of the injury. It is enough that the act complained of was a substantial factor in bringing about the plaintiff's injury and was at least one of the causes without which the injury would not have occurred. Thus, to show proximate cause the plaintiff needs to establish that the wrongful act was a substantial factor in producing his injury.").

Lay testimony by the injured plaintiff as to a shoulder injury can provide competent evidence as to the cause of the injury. This reasoning is not limited to bruises and broken bones but includes soft tissue shoulder injuries. For example, in *State Farm v. Lucas*, an Ohio Court of Appeals held that an injured plaintiff's testimony about her shoulder injury in a car crash case

was competent evidence to prove proximate cause. *State Farm Mut. Auto. Ins. Co. v. Lucas*, No. 00CA3, 2001 Ohio App. LEXIS 3150, **9–14 (Ohio App. 4th Dist. Mar. 13, 2021). The court noted that "a layperson could comprehend how a shoulder injury might be caused by contact with a shoulder-strap safety belt." *See id.* at *12 (citing *Davis v. D&T Limousine Serv.*, Nos. 65683 and 66027, 1994 Ohio App. LEXIS 2615 (8th Dist. June 16, 1994)). The evidence the *Lucas* court found competent included the claimant's own testimony "that she experienced pain in her neck and upper back immediately after the accident," "that she did not suffer from neck or back problems prior to the accident, and that she had not suffered nay additional injuries to her neck or back since the accident." *Id.* at *13. And in *Davis*, the Court held that although strains to the neck and lumbar spine were beyond the common knowledge of laypersons, strain to the shoulder did not require expert testimony to prove causation. *Davis*, 1994 Ohio App. LEXIS 2615 at **9–10. *See also Zalzal v. Scott*, 1 Ohio App. 3d 151, 151–52, 440 N.E. 2d 64 (Ohio App. 1st Dist. 1981) (plaintiff's testimony that defendant was violent and grabbed and pulled him by the necktie was sufficient lay testimony to prove proximate cause to claim for injury to neck and shoulders). Similarly, in *Parillo v. Lowes Home Ctrs., LLC*, No. 3:14-cv-369, 2017 U.S. Dist. LEXIS 150638 (S.D. Ohio Sept. 18, 2017), this Court recognized that a plaintiff's lay opinion testimony may be competent as to shoulder injuries from falling off a ladder, but not to alleged brain injuries. *Id.* at *4 ("For example, Mr. Parillo may be able to opine regarding the cause of the injury to his left shoulder. This is because Mr. Parillo personally suffered that injury and a lay person could understand that falling onto your left shoulder from a latter might injure that shoulder. On the other hand, Mr. Parillo is not qualified to opine regarding the medical diagnosis, prognosis, causation, or permanency of his alleged brain injury."). Likewise, a

layperson can understand that having your handcuffed arms yanked behind your back can cause injury to your shoulder.

In the factual context of this case, the record contains more than enough evidence for this aspect of damages to go to the jury. The parties stipulated that Mr. Burk experienced a right labral tear and biceps tendon tear as a result of his encounter with Columbus police on July 7, 2020 and that he has certain permanent limitations as a result of his shoulder injuries. (ECF No. 163, ¶¶ 5–7.) The medical records already admitted into evidence confirm that he was "handcuffed forcibly *and pulled by the handcuffs into the back of a cruiser* injuring the right shoulder." (Joint. Ex. XIII at P001501, emphasis added.) Officer Fihe's body worn camera video shows him pulling on Mr. Burk's right arm and cuffed hands to pull him into the vehicle. (Joint Ex. 1 at time of day 14:08:51.) And Mr. Burk's own testimony is clear that he felt the pronounced pain to his right shoulder as he was being pulled into the cruiser as opposed to during the earlier cuffing incident. (*See* 11/13/24 Rough Transcript 28:19–33:25.) In contrast, the record does not reflect any evidence that Mr. Burk felt profound pain to his right shoulder during earlier parts of the encounter.

The parties' stipulation, coupled with Mr. Burk's testimony that he felt the profound pain in his right shoulder specifically when Officer Fihe was pulling him into the car as opposed to an earlier point in the counter is enough for this question to go to the jury.

3

Respectfully submitted,

/s/ Barton R. Keyes
Rex H. Elliott			(0054054)
Barton R. Keyes			(0083979)
Abigail F. Chin			(0097928)
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (fax)
rexe@cooperelliott.com
bartk@cooperelliott.com
abbyc@cooperelliott.com

Attorneys for Plaintiffs
James Burk and Summer Hilfers

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Bench Brief was filed electronically and served electronically on the following counsel of record, this 13th day of November, 2024:

> Alexandra N. Pickerill, Esq.
> Sheena D. Rosenberg, Esq.
> Sarah N. Feldkamp, Esq.
> Assistant City Attorneys
> City of Columbus, Department of Law
> Zach Klein, City Attorney
> 77 North Front Street
> Columbus, Ohio 43215
> anpickerill@columbus.gov
> sdrosenberg@columbus.gov
> snfeldkamp@columbus.gov
>
> Attorneys for Defendants

/s/ Barton R. Keyes