IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| James A. Burk, et al., : | |
| : | Case No. 2:20-cv-06256 |
| Plaintiffs, : | |
| v. : | Judge Graham |
| : | |
| City of Columbus, et al., : | Magistrate Judge Vascura |
| : | |
| Defendants. : | |

## ORDER

The Court made the following rulings from the bench during the trial, with the basis for each ruling reflected on the record:

A. As to Defendants' first motions in limine (ECF No. 120):

  a. Regarding the testimony of Dr. Harvey Rosen, Defendants' motion was granted in part and denied in part. The Court permitted Dr. Rosen to testify within certain limitations as stated on the record. *See also*, ECF No. 159 (order bifurcating trial between liability and damages).

  b. Regarding evidence of "other lawsuits, complaints, investigations, discipline, or incidents" involving the Defendant Officers, Defendants' motion was deemed moot.

  c. Regarding evidence related to the dismissed Defendant, City of Columbus, Defendants' motion was deemed moot.

B. As to Defendants' supplemental motion in limine (ECF No. 146):

  a. Regarding jury instructions as to unlawful detention and unlawful arrest, Defendants' motion was granted in part and denied in part. The Court included an instruction on unlawful detention but declined to include an instruction on unlawful arrest, for the reasons stated on the record.

C. As to Defendants' second supplemental motion in limine (ECF No. 164):

  a. Regarding the testimony of Scott DeFoe, Defendants' motion was granted in part and denied in part. The Court permitted Mr. DeFoe to testify within certain limitations as stated on the record.

D. As to Plaintiffs' first motions in limine (ECF No. 121):

a. Regarding "ATF's vacated personnel action" (i.e., all ATF records concerning Plaintiff Burk dated after July 7, 2020), Plaintiffs' motion was granted in part and denied in part. Such evidence was permitted for limited purposes as stated on the record and as provided in the jury instructions. *See also*, ECF No. 159 (order bifurcating trial between liability and damages).

b. Regarding Plaintiff Burk's prior ATF discipline, see ECF No. 160 (order denying Plaintiffs' motion, permitting records to be used as evidence to challenge Burk's truthfulness pursuant to Rule 608(b)).

c. Regarding the testimony of Keith Leighton, Plaintiffs' motion was deemed moot.

d. Regarding evidence of Plaintiff Burk's disability benefits, Plaintiffs' motion was deemed moot.

e. Regarding Dr. Bruce Growick's testimony, Plaintiffs' motion was denied. The Court instructed the jury on Defendants' burden to show Burk's failure to mitigate damages and the requirement of "substantially equivalent" employment alternatives.

f. Regarding "experts testifying as to possibilities instead of probabilities," (i.e., concerning the testimony of Dr. LaRae Copley) Plaintiffs' motion was denied.

E. As to Plaintiffs' second motion in limine (ECF No. 167):

a. Regarding the testimony of Sarah Al Maliki, Plaintiffs' motion was granted in part and denied in part. The jury was permitted to hear the testimony of Ms. Al Maliki within certain limitations as stated on the record. *See also*, ECF No. 171.

F. As to Defendants' first Rule 50 motion for judgment as a matter of law (by oral motion at the close of Plaintiffs' case in liability phase):

a. Regarding the claim of excessive force, Defendants' motion was granted in part and denied in part. The Court granted Defendants' motion only as to Defendant Officer Winchell's use of force in pointing his gun at Plaintiff Burk, for the reasons stated on the record.[1]

---

[1] As the transcripts will reflect, Defendants originally made this motion at the close of Plaintiffs' case on the third day of trial. The parties each presented arguments and the Court denied Defendants' motion at that time. However, the Court revisited Defendants' motion on the next (fourth) day of trial and granted it, in part, as stated above, explaining its reasoning at that time.

     b. Regarding the claim of unlawful detention, the Court denied Defendants' motion for the reasons stated on the record.

G. As to Defendants' second Rule 50 motion (by oral motion at the close of Plaintiffs' case in the damages phase):

     a. Regarding Plaintiff Burk's ability as a lay witness to identify the proximate cause of his shoulder injury, the Court denied Defendants' motion.

H. As to Plaintiffs' motion to partially excuse Plaintiff Hilfers' trial attendance (ECF No. 174), said motion is denied as moot.

**IT IS SO ORDERED.**

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: November 18, 2024